1   JAMES C. NIELSEN (111889)
2   JENNIFER S. COHN (169973)
    NIELSEN, HALEY & ABBOTT LLP
3   44 Montgomery Street, Suite 750
    San Francisco, California 94104
4   Telephone:  (415) 693-0900
5   Facsimile:  (415) 693-9674

6   J. SCOTT MILLER (256476)
7   NIELSEN, HALEY & ABBOTT LLP
    523 West Sixth Street, Suite 635
8   Los Angeles, California  90014
    Telephone:  (213) 239-9009
9   Facsimile:  (213) 239-9007

10

11  *Attorneys for Defendant*
    Philadelphia Indemnity Insurance Company

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

16                                           CV09-06071 CAS

17  JENNIFER WITHERS, an individual,    )   Case No.:
                                        )
18              Plaintiff,              )
                                        )
19         v.                           )   **NOTICE OF REMOVAL OF**
                                        )   **ACTION UNDER 28 U.S.C.**
20  PHILADELPHIA INDEMNITY              )   **§ 1441 (b) (DIVERSITY)**
    INSURANCE COMPANY, a                )
21  Pennsylvania Corporation; CPH &     )
    ASSOCIATES INC., an Illinois        )
22  Corporation; CPH & ASSOCIATES,      )
    INSURANCE AGENCY, INC; CPH &        )
23  ASSOCIATES, LLC; and Does 1         )
    through 25, inclusive,              )
24                                      )
                Defendants.             )
25                                      )

26

27  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

28       PLEASE TAKE NOTICE that defendant Philadelphia Indemnity Insurance

---
                                  1

Company ("Philadelphia") hereby removes to this court the state court action described below.

1.     On February 23, 2009, an action was commenced by the filing of a complaint for damages in the Superior Court of the State of California, County of Los Angeles, entitled *Jennifer Withers v. Philadelphia Indemnity Insurance Company; CPH & Associates, Inc.; CPH & Associates, Insurance Agency, Inc.; CPH & Associates, LLC; and Does 1 through 25, inclusive*, as Case Number BC 408287. A copy of the complaint is attached as Exhibit A.

2.     On July 21, 2009, defendant CPH and Associates, Insurance Agency, Inc. was first served with the summons and complaint in this action, when its attorney signed and returned the Notice and Acknowledgment of Receipt on that date, thereby effecting service under California Code of Civil Procedure § 415.30. A copy of the Notice and Acknowledgment of Receipt form, signed by the attorney for CPH and Associates, Insurance Agency, Inc., is attached as exhibit B.

3.     On July 23, 2009, defendant Philadelphia was first served with the summons and complaint in this action, when its authorized agent signed and returned to plaintiff the Notice and Acknowledgment of Receipt on that date, thereby effecting service under California Code of Civil Procedure § 415.30. A copy of the summons is attached hereto as Exhibit C, and a copy of the Notice and Acknowledgment of Receipt form, signed by the authorized agent for Philadelphia Indemnity Insurance Company, is attached as exhibit D.

4.     No other defendant was served with process before July 21, 2009. This notice is therefore timely filed.

5.     On  August 17, 2009 defendant Philadelphia timely filed an answer to plaintiff's complaint in California state court. A copy of the answer is attached as Exhibit E.

6.     The following constitute all of the process, pleadings, and orders in

this matter received by Philadelphia to date:

    (a)  Complaint and Request for Jury Trial, filed with the court February 23, 2009, a copy of which is attached at Exhibit A;

    (b)  Notice and Acknowledgment of Receipt form, signed by the attorney for CPH and Associates, Insurance Agency, Inc. on July 21, 2009, a copy of which is attached as exhibit B;

    (c)  Summons, filed with the court July 8, 2009, a copy of which is attached as Exhibit C;

    (d)  Notice and Acknowledgment of Receipt form, signed by the authorized agent for Philadelphia Indemnity Insurance Company on July 23, 2009, a copy of which is attached as Exhibit D;

    (e)  Answer by defendant Philadelphia, filed with the court August 17, 2009, a copy of which is attached as Exhibit E

    (f)  Civil Case Cover Sheet and Addendum, filed February 23, 2009, copies of which is attached as Exhibit F;

    (g)  Notice of Case Assignment, a copy of which is attached as Exhibit G;

    (h)  Alternative Dispute Resolution information materials, copies of which are attached as exhibit H;

    (i)  Notice of Case Management Conference, filed with the court February 27, 2009, a copy of which is attached at Exhibit I;

    (j)  Peremptory Challenge, filed with the court March 4, 2009, a copy of which is attached as Exhibit J;

    (k)  Minute Order, dated March 5, 2009, a copy of which is attached as Exhibit K;

    (l)  Minute Order, dated March 13, 2009, a copy of which is attached as Exhibit L;

Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(m) Notice of Case Management Conference, filed March 23, 2009, a copy of which is attached as Exhibit M;

(n) Notice of Motion and Motion to be Relieved as Counsel for Plaintiff; Proof of Service of Motion to be Relieved; and Declaration in Support of Motion to be Relieved; filed with the court March 26, 2009, copies of which are attached as Exhibit N;

(o) Ex Parte Application, filed with the court March 27, 2009, a copy of which is attached as Exhibit O;

(p) Notice of Ruling on Motion to be Relieved as Counsel and to Extend Time, filed with the court March 27, 2009, a copy of which is attached as Exhibit P;

(q) Minute Order, dated March 27, 2009, a copy of which is attached as Exhibit Q;

(r) Order Granting Attorney's Motion to be Relieved as Counsel, filed with the court April 14, 2009 a copy of which is attached as Exhibit R;

(s) Minute Order, dated May 27, 2009, a copy of which is attached as Exhibit S;

(t) Substitution of Attorney, filed with the court May 27, 2009, a copy of which is attached as Exhibit T;

(u) Case Management Statement, filed with the Court July 20, 2009, a copy of which is attached as Exhibit U;

(v) Minute Order, dated July 29, 2009, a copy of which is attached as Exhibit V;

(w) Notice of Continued Case Management Conference, filed with the Court July 30, 2009, a copy of which is attached as Exhibit W.

Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity)

7.     Exhibits A through W referred to above are the only pleadings or process defendant Philadelphia has received and Philadelphia is informed and believes that no other pleadings or process are contained in the state court file.

### Jurisdiction

8.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states (see paragraphs 10-12 herein) and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs (see paragraph 9 herein), because of the following facts:  Plaintiff Withers alleges that in 2004 she was licensed and employed as a marriage and family counselor intern in Los Angeles County, California.  (Plaintiff's Complaint, ¶ 2.) Plaintiff further alleges that defendant Philadelphia, through defendants CPH & Associates, Inc.; CPH & Associates, Insurance Agency, Inc.; and CPH & Associates, LLC (collectively "CPH & Associates"), which plaintiff alleges is the agent of defendant Philadelphia, issued an insurance contract to plaintiff from about 2002 until about 2004, in Los Angeles County, California, under the terms of which Philadelphia agreed to indemnify and defend plaintiff against certain claims.  (Plaintiff's Complaint, ¶¶ 2, 10.)  Plaintiff further alleges that in April 2004, one of her patients filed an administrative action against her with the California Board of Behavioral Sciences (the "administrative action"), alleging, among other things, performance of services without a license, misrepresentation, personal injury and emotional distress, all of which plaintiff alleges are claims covered under the insurance contract.  (Plaintiff's Complaint, ¶¶ 12-16.)  Plaintiff Withers further alleges that Philadelphia paid for the defense of the administrative action from April 2004 until December 2005, but refused to pay legal fees plaintiff incurred after January 2005, even though the administrative proceedings

Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity)

continued beyond that date. (Plaintiff's Complaint, ¶¶ 17-21, 25-26.)
Additionally, plaintiff alleges that after January 2005, defendant Philadelphia
engaged in certain offensive claims handling and loss adjustment practices,
refused to investigate her claims, and failed to respond to her requests for
information and requests for payment of benefits, among other things, knowing
that such actions would harm plaintiff Withers. (Plaintiff's Complaint, ¶¶ 22-24,
27-29, 35-37.) Plaintiff now asserts causes of action against defendants for breach
of contract, bad faith, fraud, and intentional infliction of emotional distress, for
which plaintiff seeks to recover general, compensatory and punitive damages,
costs, attorney's fees, prejudgment interest. (Plaintiff's Complaint, ¶¶ 38-69,
prayer.)

     9.    The plaintiff alleges that she "has been damaged in excess of
$5,000,000.00 resulting from the loss of insurance protection…" (Plaintiff's
Complaint, ¶ 49:6-7.)

     10.    Plaintiff is a citizen of New Zealand. Plaintiff was at the time this
action was filed and still is domiciled in New Zealand or California.

     11.    Defendant Philadelphia was, at the time this action was filed, and still
is, a corporation incorporated under the laws of the State of Pennsylvania, with its
principal place of business in the State of Pennsylvania.

     12.    Named defendant **CPH & Associates, Insurance Agency, Inc**. was,
at the time this action was filed, and still is, a corporation incorporated under the
laws of the State of Illinois, with its principal place of business in the State of
Illinois.

     13.    Defendant Philadelphia Indemnity and defendant CPH & Associates,
Insurance Agency, Inc. are the only defendants that have been served a summons
and complaint in this action.

     14.    Named defendant CPH & Associates, Insurance Agency, Inc. has

consented to this removal and has informed defendant Philadelphia that it will
hereafter separately file a written joinder to this notice of removal.


DATED:  August 19, 2009                NIELSEN, HALEY & ABBOTT LLP




By _____
    JAMES C. NIELSEN
    JENNIFER S. COHN
    J. SCOTT MILLER
    *Attorneys for Defendant*
    PHILADELPHIA INDEMNITY
    INSURANCE COMPANY

Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity)

EXHIBIT A

PATRICK A. MESISCA, JR., ESQ. (SBN 057795)
DENNIS P. RILEY, ESQ. (SBN 134200)
MIKE N. VO, ESQ. (SNB 216340)
MESISCA RILEY & KREITENBERG LLP
725 S. Figueroa St., Suite 1650
Los Angeles, CA 90017
Tel. (213) 623-2300
Fax. (213) 623-6600

Attorneys for Plaintiff, JENNIFER WITHERS

FILED
LOS ANGELES SUPERIOR COURT

FEB 23 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISICTION

JENNIFER WITHERS, an individual,

Plaintiff,

vs.

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania Corporation; CPH & ASSOCIATES, INC. an Illinois Corporation; CPH & ASSOCIATES, INSURANCE AGENCY, INC.; CPH & ASSOCIATES, LLC; and Does 1 through 25, inclusive,

Defendants.

Case No.: BC 408287

COMPLAINT FOR:

(1) BREACH OF CONTRACT;
(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
(3) FRAUD AND DECEIT;
(4) FRAUD AND DECEIT; and
(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[DEMAND FOR JURY TRIAL]

Plaintiff JENNIFER WITHERS complains and alleges as follows:

PARTIES AND JURISDICTION

1.   The true names and capacities, whether individual, corporate, associate or otherwise of
through 50, inclusive, are unknown to plaintiff who therefore sues said defen-
fictitious names.  Plaintiff is informed and believes and based thereon alleges that each o-
defendants designated herein as a fictitiously named defendant is, in some manner, responsi-
the events and happenings herein referred to, either contractually or tortiously, and caused
damage to plaintiffs as herein alleged.  When plaintiff ascertains through names and capacies of

1

COMPLAINT FOR DAMAGES

1   Does 1 through 25, inclusive, she will seek leave of the court to amend her complaint by setting

2   forth same.

3   2.   At all times mentioned herein plaintiff, Jennifer Withers, (herein after plaintiff), was now is a

4   competent adult with dual residence in the County of Los Angeles, State of California and in New

5   Zealand. In 2004 Plaintiff was licensed and employed as a marriage and family counselor intern in

6   the State of California, Los Angeles County.

7   3.   Plaintiff is informed and believes and thereon alleges that at all time mentioned herein defendant,

8   Philadelphia Indemnity Insurance Company (hereinafter, "PHLYINS" when referenced

9   individually and collectively as "INSURANCE DEFENDANTS") was and is an insurance

10  company incorporated in the State of Pennsylvania and having its principal place of business in

11  the State of Pennsylvania. PHLYINS is admitted to practice insurance in the State of California

12  and regularly solicits issues and delivers insurance policies in the State of California.

13  4.   At all times herein mentioned, defendants CPH & ASSOCIATES, INC. an Illinois Corporation;

14  CPH & ASSOCIATES, INSURANCE AGENCY, INC. an unknown entity; CPH &

15  ASSOCIATES, LLC an unknown entity (hereinafter, "CPH" or "INSURANCE DEFENDANTS"

16  when referred to collectively with PHLYINS), was designated by PHLYINS as the sole and

17  exclusive underwriter appointed by PHLYINS for the sale issuance and delivery of PHLYINS

18  policies in the State of California and elsewhere. CPH & Associates was and is a corporation

19  incorporated and licensed in the State of Illinois and authorized to conduct business in the State of

20  California. CPH regularly solicits issues and delivers insurance policies in the State of California

21  on behalf of itself and PHLYINS.

22  5.   The insurance services provided by INSURANCE DEFENDANTS include the design,

23  solicitation, marketing and underwriting and administration of professional liability insurance

24  products for mental health counselors, including marriage and family counselor interns such as

25  plaintiff. All such PHILYINS insurance products are available only through defendant CPH.

26

27

28

2

COMPLAINT FOR DAMAGES

6.   PHLYINS and CPH jointly participate in the handling, adjustment and payment of claims arising under professional liability insurance policies for mental health counselors, including marriage and family counselor interns such as plaintiff which are written, issued and delivered in California.

7.   In 2002, 2003 and 2004 the INSURANCE DEFENDANTS issued PHLYINS professional liability insurance policy number PHCP016872 (hereinafter "POLICY") for mental health professionals to plaintiff providing coverage, among others, for licensing board investigation expenses. Said POLICY provides in part:

> "We will pay reasonable expenses that you incur resulting from an investigation or proceeding by a state licensing board or other regulatory body, providing that the investigation or proceeding arises out of events which could result in claims covered by this policy.  We will not be responsible for conducting such investigation or providing such defense. The maximum aggregate amount we will pay for this benefit is $25,000."

Said POLICY is attached hereto and incorporated herein by reference as Exhibit "1".

8.   Plaintiff is informed and believed and based thereon alleges that at all times herein mentioned defendants Does 1 to 50, inclusive, were the agents, servants, and/or employees of defendants, and each of them, in doing the things hereinafter alleged, or were acting in the course and scope of their authority as such agents, servants, and employees with the permission and consent of defendants.

9.   Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, defendants PHLYINS and CPH were the agents, servants and/or employees of each other and in doing the things as specifically alleged herein, were acting in the course and scope of their authority as such agents, servants, and employees with the permission and consent of each other.

3

COMPLAINT FOR DAMAGES

## STATEMENT OF FACTS

10. In 2004 Plaintiff was engaged in the business of marriage and family counseling as an intern under the supervision of licensed marriage and family counselors. From 2002 through 2004, plaintiff and the INSURANCE DEFENDANTS and Does 1 to 25, inclusive, entered into a mental health professional liability insurance POLICY issued by the INSURANCE DEFENDANTS and delivered to plaintiff in the State of California.

11. In January 2004 Plaintiff learned that her license before the California Board of Behavioral Sciences (hereinafter "BOARD"), the regulatory body appointed for the administration of the licensing of certain mental health care professionals, including plaintiff, within the State of California had lapsed. Plaintiff promptly obtained a new registration license certificate in February, 2004.

12. In April 2004, a claim was made against Plaintiff based upon the alleged lapse which had occurred in plaintiff's license, before the California Board of Behavioral Sciences. The claim was made by Lisa Oh (hereinafter "OH") and alleged, among other things, the plaintiff had rendered services to OH with a lapsed license, had misrepresented her licensing status, had misrepresented OH's ability to seek reimbursement for counseling services rendered by plaintiff, and had caused OH personal injury, including emotional distress, arising from the counseling services rendered by plaintiff.

13. In or about April 23, 2004, plaintiff was notified by the BOARD that OH was asserting her claims against Plaintiff. OH'S claims arose under the POLICY. OH's claims against plaintiff were, in fact, claims covered by the POLICY and/or arose out of events which could result in claims covered by this POLICY.

14. Plaintiff timely reported OH's claims to the INSURANCE DEFENDANTS and has performed and continued to perform all of her duties and responsibilities under the POLICY.

15. OH'S claims against plaintiff eventually resulted in an investigation and proceedings by and on behalf of the BOARD concerning plaintiffs lapse of license and, among others, allegations that

4

COMPLAINT FOR DAMAGES

1   plaintiff accepted money directly from OH and others while engaged as marriage and family
2   counseling intern.
3   16. Plaintiff timely reported the investigation and proceedings by and on behalf of the BOARD to the
4   INSURANCE DEFENDANTS.
5   17. Upon receipt of the claim, the INSURANCE DEFENDANTS accepted coverage, referred plaintiff
6   to independent legal counsel through the Law Offices of Callahan, McCune and Willis who
7   provided legal services to plaintiff from on or about April 2004 through on or about December
8   2004. Said legal services were paid by the INSURANCE DEFENDANTS in recognition there
9   existed "an investigation or proceeding by a state licensing board or other regulatory body" which
10  arose "out of events which could result in claims covered by th(e) POLICY".
11  18. Upon receipt of information concerning OH's claims against plaintiff and the investigation and/or
12  proceedings initiated by the BOARD, the INSURANCE DEFENDANT'S jointly undertook the
13  responsibility of handling and processing the OH claims and plaintiff's claims for legal
14  representation and/or reimbursement of attorneys' fees incurred in the investigation and/or
15  proceeding by the BOARD.
16  19. In or about April, 2005 OH withdrew and recanted all of her claims against plaintiff in their
17  entirety. However, the investigation and/or proceedings before the BOARD concerning plaintiff's
18  licensing status continued.
19  20. Plaintiff requested and continued to request reimbursement for attorneys fees incurred in her
20  defense of the OH claims as well as the investigation and/or proceedings before the BOARD.
21  21. The INSURANCE DEFENDANTS upon their acceptance of plaintiff's claim paid legal fees
22  incurred through December 2004 through the law firm of Callahan, McCune and Willis.
23  22. Thereafter, the INSURANCE DEFENDANTS processed plaintiff's claims for reimbursement of
24  attorneys fees arising from the OH claim and the BOARD'S investigation and proceeding, by
25  repeatedly requesting and demanding information submitted by plaintiff for payment of said legal
26  expenses, and undertaking a loss adjustment process which consisted of numerous duplicative
27  request for information, which plaintiff provided on each and every occasion when such requests
28  were made.

5

COMPLAINT FOR DAMAGES

23. The INSURANCE DEFENDANTS continued to provide reassurance to plaintiff through early 2007 that plaintiff's claim for reimbursement for attorneys fees would be honored upon the receipt of invoices furnished by plaintiff's attorneys from the OH Claims and the BOARD'S investigation and proceedings. Plaintiff continued to provide billing invoices for legal services rendered to her and forwarded invoices for legal fees in March, May and July 2007.

24. Commencing in 2004 to present, the INSURANCE DEFENDANTS deferred claims handling functions and responsibilities to one another, creating confusion and duplication of claims handling and processing functions, such that it was impossible for plaintiff to determine the specific claims handling responsibilities of CPH and PHLYINS. Such duplication of claims handling effort resulted in the plaintiff being referred back and forth between claim examiners engaged by both PHLYINS and CPH.

25. Commencing in January 2005, plaintiff retained independent counsel, as permitted by the policy, through the Law Firm of Baranov and Wittenberg LLP, who rendered legal services to plaintiff through December 2005. Notwithstanding the insurance defendant's acceptance of coverage for plaintiff's claim, and the INSURANCE DEFENDANTS' failure to deny coverage for said legal expenses, the INSURANCE DEFENDANTS have failed to make payment therefore as required by the terms of the insurance POLICY.

26. The INSURANCE DEFENDANTS processed plaintiff's claims for coverage, requested and received information submitted by plaintiff for payment of said legal expenses, and undertook a loss adjustment process which consisted of numerous duplicative requests for information, which plaintiff provided on each and every occasion when such requests were made, the INSURANCE DEFENDANTS have continued their refusal to pay attorney's fees incurred by plaintiff after January 2005.

27. The claims processing and handling of the INSURANCE DEFENDANTS resulted in the following:

   a. A failure and refusal of each of the INSURANCE DEFENDANTS to investigate plaintiff's claims arising under the POLICY;

6

COMPLAINT FOR DAMAGES

b. The failure and refusal to respond to plaintiff's requests for information and payment of benefits under the POLICY;

c. Inconsistent demands and request for information to plaintiff in connection with plaintiff's claims arising under plaintiff's insurance POLICY, with which Plaintiff was forced to comply;

d. A refusal to respond to many communications arising under the INSURANCE DEFENDANT'S POLICY;

e. The failure to deny plaintiff's request for coverage under the POLICY;

f. The knowing refusal to pay benefits due and owing under the POLICY with the knowledge of substantial harm to plaintiff as a result thereof.

28. In 2004-2007, the BOARD investigation/proceeding was conducted concerning the lapse in licensure of plaintiff for a period between 2002 and 2004. The investigation resulted in an accusation filed on behalf of the BOARD about which the INSURANCE DEFENDANTS were duly notified. In the course of said investigation, plaintiff continued to incur legal fees, which were timely submitted to the INSURANCE DEFENDANTS.

29. As of early February 2007, the INSURANCE DEFENDANTS informed plaintiff that the INSURANCE DEFENDANTS were continuing to process plaintiff's claim for payment. Plaintiff continued to submit legal fees and legal billings to defendants for payment. Plaintiff paid such legal fees and billings as were incurred by exhausting her personal funds, borrowing money from friends and relatives until such time this plaintiff could no longer pay legal fees.

30. As a result of the failure and refusal of the INSURANCE DEFENDANTS to pay legal fees for invoices submitted by plaintiff, plaintiff became destitute and was forced to relocate from Los Angeles to New Zealand where she became a ward of the State, living on State welfare and State provided medical insurance. Plaintiff continued, from New Zealand, to attempt to participate in the BOARD investigation and proceedings.

31. At all times during the investigation and proceedings before the BOARD plaintiff continued to submit billings and invoices for legal services that were rendered to her, to the extent that she was able to make payment from funds she paid and/or borrowed in order to make payment of her legal fees.

7

COMPLAINT FOR DAMAGES

32. Eventually, as a result of the inability of the plaintiff to pay the attorney's fees, either billed directly to her or projected for her defense in proceedings before the BOARD, plaintiff was unable to continue her practice as a marriage and family practitioner in the State of California. The charges before the BOARD were such that a reasonably skilled attorney in the handling of the defense of such claims would have been able to negotiate or defeat such claims had such attorney been retained by plaintiff.

33. However, plaintiff was unable to afford to pay attorney's fees and because her claim for payment was ignored by the INSURANCE DEFENDANTS, plaintiff's inability to pay such attorney's fees resulted in a deprivation of skilled legal counsel to properly contest the charges, which were made against her in proceedings initiated by the BOARD.

34. As a result, plaintiff was forced to accept to a violation of the code of conduct governing marriage and family counseling interns and suffered onerous consequences which have resulted in the denial of plaintiff's ability to practice marriage and family counseling in the State of California, the loss of plaintiff's livelihood, the loss of past and future earnings, and damage to plaintiff's health arising from emotional distress and illnesses and injury resulting therefrom.

35. At all times during the pendency of the claims against plaintiff, and the pendency of the board investigation and proceedings against plaintiff, the INSURANCE DEFENDANTS knew of the continuing pendency of such claims, their continued obligation to make payment to plaintiff for attorney's fees which plaintiff incurred, the harm to plaintiff as a result of her inability to pay legal expenses, and the severe consequences to plaintiff of the denial of payment of legal fees to competent legal counsel to defend plaintiff against such investigation and proceedings.

36. Following the acceptance of plaintiff's claims, the retention by plaintiff of the Law Firm of Callahan, McCune and Willis to provide plaintiff with the defense to charges initiated by OH including a defense to the BOARD'S investigation and proceedings, the INSURANCE DEFENDANTS never denied their obligation to pay plaintiff's claim, to pay attorney's fees incurred by plaintiff, or to pay benefits due under the POLICY. The INSURANCE DEFENDANTS have never issued a reservation of rights. The INSURANCE DEFENDANTS never provided any explanation for their refusal to pay benefits.

8

COMPLAINT FOR DAMAGES

37. As of July 21, 2007, the INSURANCE DEFENDANTS reassured plaintiff that their adjustment of plaintiff's claim was continuing, that plaintiff legal fees would be paid and invited plaintiff to submit ongoing billing for legal fees which they continued to refuse to pay and continue to refuse to pay or explain the basis for refusal to pay.

FIRST CAUSE OF ACTION

BREACH OF CONTRACT

(AGAINST THE INSURANCE DEFENDANTS AND DOES 1 TO 25)

38. Plaintiff refers to and incorporates by reference paragraphs 1 through 38 as fully set forth herein.

39. Plaintiff has performed all of the terms conditions of the POLICY.

40. The INSURANCE DEFENDANTS and Does 1 to 25, inclusive, have failed and refused to pay and continue to refuse to pay benefits under the POLICY.

41. Plaintiff tendered her claim to the INSURANCE DEFENDANTS under the terms of the POLICY, after which the INSURANCE DEFENDANTS agreed to the acceptance of plaintiff's claim. Subsequently the INSURANCE DEFENDANTS breached their duties and obligations under the POLICY and failed to pay plaintiff for attorney's fees incurred by plaintiff between 2005 and 2007. As of July 21, 2007, the INSURANCE DEFENDANTS requested information from plaintiff and reassured plaintiff that the INSURANCE DEFENDANT'S would continue to accept legal billings incurred by plaintiff in connection with her claim. Thereafter, the INSURANCE DEFENDANTS failed and refused to pay legal fees submitted by plaintiff in connection with said claim.

42. As approximate result of the insurance defendant's breach of the terms of the POLICY, their failure to pay expenses for legal services as alleged herein, plaintiff has incurred substantial fees in her own defense. By reason of the foregoing, plaintiff has been damaged in excess of the jurisdictional minimum and an amount to be proven at trial.

9

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION:

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

## (AGAINST THE INSURANCE DEFENDANTS AND DOES 1 TO 25)

43. Plaintiff refers to and incorporates by reference paragraphs 1 through 42 as though set forth in full herein.

44. At all times, the INSURANCE DEFENDANTS owed a duty of good faith and fair dealing to plaintiff. Pursuant to said duty, the INSURANCE DEFENDANTS were not permitted:

    1.    to refuse to pay plaintiff's claim,

    2.    to refuse to provide an explanation for non-payment,

    3.    to refuse to deny plaintiff's claim following their acceptance thereof,

    4.    to refuse to deny plaintiff's claim following their initial payment of attorney's fees incurred to the Law Firm of Callahan McCune and Willis,

    5.    to refuse to provide an explanation for the failure to pay plaintiff's claim,

    6.    to refuse to refer plaintiff to the appropriate California State Agency for a review of defendant's conduct arising from the handling and processing of plaintiff's claim,

    7.    to continue to request duplicative information from plaintiff which plaintiff provided,

    8.    to continue to request unnecessary information which once provided by plaintiff was ignored,

    9.    to continue to refer plaintiff (back and forth) between the two INSURANCE DEFENDANTS while each of the INSURANCE DEFENDANTS refused to accept their obligations with respect to the handling of plaintiff's claims and

    10.    to continually employ the claims handling personnel of the two INSURANCE DEFENDANTS in such a manner as to intentionally cause confusion as to which entity was ultimately responsible for the claims handling of plaintiff claim.

45. The INSURANCE DEFENDANTS breached their covenant of good faith and fair dealing arising under the insurance POLICY.

10

COMPLAINT FOR DAMAGES

46. The aforementioned conduct constitutes bad faith and a wrongful refusal to provide POLICY benefits to plaintiffs and a breach of the implied of the INSURANCE DEFENDANTS implied covenant of good faith and fair dealing to plaintiff.

47. At all times, the INSURANCE DEFENDANTS knowingly owed plaintiff the benefits, payments, obligations and duty specified under the POLICY under common and statutory law. The INSURANCE DEFENDANTS also knew that under the existing law, plaintiff's claims actually or potentially fell within the POLICY coverage and required the INSURANCE DEFENDANTS to provide payment. Rather than making payment to plaintiffs, the INSURANCE DEFENDANTS actually conducted themselves to apply financial pressure on plaintiff to increase the burden and cost to plaintiffs in order to break plaintiffs' will and financial ability to contest the investigation/proceedings before the BOARD. As a result of the insurance defendant's breach of their employee covenant of good faith and fair dealing, including its duty to make payment to plaintiffs and the insurance defendant's bad faith actions, plaintiff has sustained actual economic damage in addition to the damages for pain and suffering and emotional distress and an amount to be determined at the time of trial.

48. The insurance defendant's conduct, as aforesaid, is a cause and fact of economic damage as well as damage for pain and suffering and emotional distress, misery and intense suffering to plaintiff who is forced to live in fear that she could not retain legal counsel to defend her in the BOARD'S investigation and licensing proceedings, the inability of plaintiff to travel from New Zealand to Los Angeles to contest the licensing proceedings before the BOARD due to the fact that she had become impoverished in her attempt to pay legal fees, her lack of funds, her inability to hire an attorney to prosecute her defense throughout all proceedings undertaken by the BOARD, the necessity that she defend herself in such proceedings due to her inability to pay for legal counsel, that in requiring to defend herself, she was un-knowledgeable and unskilled in the presentation of such defense, and the fact that without adequate legal representation, her efforts to defend herself were doomed from the outset.

49. The insurance defendant's conduct is a substantial factor and was intended to and did cause extreme financial hardship and emotional distress to plaintiff including an ongoing and unrelated

11

COMPLAINT FOR DAMAGES

fear of losing her license to practice marriage and family counseling in the State of California, the loss of her practice, the limitations on her license imposed in proceedings before the State Board, the necessity that plaintiff accede to a stipulation submitted to her in proceedings by the BOARD which contained onerous terms which plaintiff would not have had do accept but for the lack of funds to contest the claims that were made against her and the continuing financial inability to pay the cost for legal services necessitated by such proceedings. Plaintiff has been damaged in excess of $5,000,000.00 resulting from the loss of insurance protection, while the INSURANCE DEFENDANTS were aware that plaintiff had limited financial resources to mount a defense to get such claims, the plaintiff had to live at ongoing fear of the loss of insurance protection, the ongoing fear of the laws and/or restriction of her license to practice marriage and family counseling, the fear of denied benefits and protections arising under plaintiff's POLICY, the fear arising from the insurance defendant's wrongful refusal to pay benefits, for which plaintiff had paid for insurance coverage with the INSURANCE DEFENDANTS.

50. The INSURANCE DEFENDANT'S denial of coverage left plaintiff to fend for herself with limited and ultimately non-existent resources with the risk of losing everything. The frustration, anxiety, depression, fear, hopelessness, sleeplessness and ultimately led to a diagnosis of Lupus Disease arising from the INSURANCE DEFENDANTS abandonment of plaintiff after the INSURANCE DEFENDANTS had accepted plaintiff's claim and initially made payments on plaintiff's claim. A conduct of the insurance defendant's wreaked havoc on the plaintiff's emotional state and resulted in severe suffering and financial hardship to plaintiff, including the necessity of medical treatment to the plaintiff arising therefrom.

51. The INSURANCE DEFENDANT'S conduct was oppressive, malicious and fraudulent and was calculated to minimize its own expenses rather than to provide the protections mandated by the POLICY to plaintiff. To this end, the INSURANCE DEFENDANTS wrongfully denied benefits that it agreed to provide plaintiff, wrongfully refused to pay attorney's fees, it had agreed to pay plaintiff, abandon plaintiff altogether, falsely misrepresented to plaintiff that it would continue to adjust and pay reasonable attorney's fees to plaintiff, among others. The insurance defendant's conduct as alleged was despicable conduct and that it was so vile, base, contemptible, wretched

12

COMPLAINT FOR DAMAGES

1  and loathsome that it would be looked down upon and despised by ordinary descent people and
2  had subjected plaintiff to a cruel and unjust financial and emotional hardship and conscious
3  disregard of plaintiff's rights so as to justify an awarding of exemplary and punitive damages.

4
5                           THIRD CAUSE OF ACTION
6                              FRAUD AND DECEIT
7           (AGAINST THE INSURANCE DEFENDANTS AND DOES 1 TO 25)
8
9   52.  Plaintiff refers to incorporate by reference paragraphs 1 to 51 as though set forth herein.
10  53.  The INSURANCE DEFENDANTS concealed from plaintiff that they would refuse to pay
11       attorneys fees other than the fees incurred with Callahan, McCune and Willis.  Had Plaintiff
12       known the true facts, Plaintiff would have continued representation by Callahan.  Instead, plaintiff
13       chose representation by independent legal counsel, whose billing invoices plaintiff could not
14       afford to pay due to the refusal to pay by the INSURANCE DEFENDANTS.
15  54.  The INSURANCE DEFENDANTS concealed a material fact.
16  55.  The plaintiff was unaware of the concealment at the time it occurred.
17  56.  The plaintiff suffered harm as a result of the concealment.
18  57.  The INSURANCE DEFENDANT'S conduct was oppressive, malicious and fraudulent and was
19       calculated to minimize its own expenses rather than to provide the protections mandated by the
20       POLICY to plaintiff.  To this end, the INSURANCE DEFENDANTS wrongfully denied benefits
21       that it agreed to provide plaintiff, wrongfully refused to pay attorney's fees, it had agreed to pay
22       plaintiff, abandon plaintiff altogether, falsely misrepresented to plaintiff that it would continue to
23       adjust and pay reasonable attorney's fees to plaintiff, among others.  The insurance defendant's
24       conduct as alleged was despicable conduct and that it was so vile, base, contemptible, wretched
25       and loathsome that it would be looked down upon and despised by ordinary descent people and
26       had subjected plaintiff to a cruel and unjust financial and emotional hardship and conscious
27       disregard of plaintiff's rights so as to justify an awarding of exemplary and punitive damages.
28  ///

13

COMPLAINT FOR DAMAGES

# FOURTH CAUSE OF ACTION

## FRAUD and DECEIT

### (Against INSURANCE DEFENDANTS, and Does 1 to 25)

58. Plaintiff refers to and incorporates by reference, paragraphs 1 through 57 as though fully set forth herein.

59. In or about 2007, plaintiff hired attorney Mark R. McKinniss (hereinafter "MCKINNISS") to investigate her rights with respect to the insurance defendants and to take actions necessary to protect plaintiff.

60. At all times herein mentioned, the INSURANCE DEFENDANTS failed to disclose MCKINNISS' financial relationship with the INSURANCE DEFENDANTS and continued to fail to disclose such financial relationship. The information that defendants failed to disclose was material information and had plaintiff known the withheld information, she would have taken other action.

61. As a result of the fraud and concealment of Defendants and each of them plaintiff has sustained actual economic damage in addition to the damages for pain and suffering and emotional distress and an amount to be determined at the time of trial.

62. The defendant's conduct, as aforesaid, is a cause in fact of economic damage as well as damage for pain and suffering and emotional distress, misery and intense suffering to plaintiff.

63. The defendant's conduct is a substantial factor and was intended to and did cause extreme financial hardship and emotional distress to plaintiff.

64. The defendant's conduct was oppressive, malicious and fraudulent conduct as alleged and was despicable conduct such that it was so vile, base, contemptible, wretched and loathsome that it would be looked down upon and despised by ordinary decent people and had subjected plaintiff to a cruel and unjust financial and emotional hardship and conscious disregard of plaintiff's rights so as to justify an awarding of exemplary and punitive damages.

14

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 25)

65. Plaintiff refers to and incorporates by reference, paragraphs 1 through 64 as though fully set forth herein.

66. The conduct of the defendants as aforesaid was outrageous and intended to cause severe emotional distress to PLAINTIFFS. .

67. The defendant's conduct is a substantial factor and was intended to and did cause extreme and severe financial hardship and severe emotional distress to PLAINTIFF,   The frustration, anxiety, depression, fear, hopelessness and sleeplessness, and ultimate personal injury caused by the defendants' conduct, wreaked havoc on PLAINTIFFS' emotional state and resulted in severe suffering and financial hardship to PLAINTIFFS, including the necessity of medical treatment to PLAINTIFFS arising therefrom.

68. The defendants' conduct was intentional, outrageous, wanton and with reckless disregard to PLAINTIFFS' rights and for the purpose of intentionally causing PLAINTIFFS to suffer severe and unremitting mental anguish, emotional and physical distress. PLAINTIFFS suffered from severe anxiety and prolonged stress as a result of the financial and emotional hardships created by defendants' actions.

69. The conduct of the defendants as set forth herein was fraudulent, malicious, oppressive, wanton and despicable. As a result of said conduct, PLAINTIFFS are entitled to punitive and exemplary damages against the defendants in an amount to be proven at the time of trial.

Wherefore, plaintiff prays for judgment as follows:

    1.    For general damages for all causes of action against all defendants in the sum to be proven at the time of trial;

    2.    For compensatory damages against all defendants, including special damages and general damages for emotional distress;

15

COMPLAINT FOR DAMAGES

3.    For punitive damages in an amount to punish defendants and deter others from engaging in similar conduct;

4.    For attorney's fees and costs;

5.    For prejudgment interest; and

6.    For such other and further relief as the court may deem just and proper.

Dated: February 23, 2009

MESISCA RILEY & KREITENBERG LLP

By: _____

PATRICK A. MESISCA, JR.
DENNIS P. RILEY
MIKE N. VO
Attorneys for Plaintiff,
Jennifer Withers

16

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Dated: February 23, 2009

MESISCA RILEY & KREITENBERG LLP

By: _____

PATRICK A. MESISCA, JR.
DENNIS P. RILEY
MIKE N. VO
Attorneys for Plaintiff,
Jennifer Withers

17

COMPLAINT FOR DAMAGES

EXHIBIT B



POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Keith F.  Simpson (SBN#: 196014)<br>Law Offices of Keith F.  Simpson, A Professional Corporation<br>1230 Rosecrans Avenue, Suite 170<br>Manhattan Beach, California 90266<br>TELEPHONE NO.  (310) 297-9090    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Jennifer Withers | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 2 9 2009<br><br>JOHN A. CLARKE, CLERK<br><br>BY AMBER LA FLEUR-CLAYTON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same As Above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Jennifer Withers

DEFENDANT/RESPONDENT: Philadelphia Indemnity Insurance Company, et.al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 408 287    D24 |
|---|---|

TO *(insert name of party being served):* CPH & Associates, Insurance Agency, Inc.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 9, 2009

Keith F.  Simpson
_____     ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒  A copy of the summons and of the complaint.
2. ☒  Other *(specify):* Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment-Unlimited Case and Alternative Dispute Resolution Information Package.

*(To be completed by recipient):*

Date this form is signed: 7/21/09

_____     ▶ _____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT C

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**  PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania Corporation; CPH & ASSOCIATES, INC. an
Illinois Corporation; CPH & ASSOCIATES, INSURANCE AGENCY, INC.;
CPH & ASSOCIATES, LLC; and Does 1 through 25, inclusive
*(AVISO AL DEMANDADO):*
**YOU ARE BEING SUED BY PLAINTIFF:** JENNIFER WITHERS, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 08 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. Ei LEFLEUR-CLAYTON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* BC 408 287 |
|---|---|

Los Angeles County Superior Court.
111 N. Hill Street
Los Angeles, California  90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Keith F. Simpson, Esq. (310) 297- 9090
Law Offices of Keith F. Simpon, A Professional Corporation
1230 Rosecrans Avenue, Suite 170, Manhattan Beach, California  90266

| DATE: *(Fecha)* | JOHN A. CLARKE, CLERK | Clerk, by *(Secretario)* | AMBER LEFLEUR-CLAYTON | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
JUL 0 8 2009

Page 1 of 1

EXHIBIT D



POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Keith F.  Simpson (SBN#: 196014)
Law Offices of Keith F.  Simpson, A Professional Corporation
1230 Rosecrans Avenue, Suite 170
Manhattan Beach, California 90266
TELEPHONE NO:  (310) 297-9090        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):  Plaintiff Jennifer Withers

FILED
LOS ANGELES SUPERIOR COURT
JUL 24 2009
JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  Same As Above
CITY AND ZIP CODE:  Los Angeles, California 90012
BRANCH NAME:  Central District

PLAINTIFF/PETITIONER: Jennifer Withers

DEFENDANT/RESPONDENT: Philadelphia Indemnity Insurance Company, et.al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 408 287   D-34 |
|---|---|

TO (insert name of party being served): Philadelphia Indemnity Insurance Company

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 22, 2009

Keith F.  Simpson
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒  A copy of the summons and of the complaint.
2. ☒  Other (specify): Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment-Unlimited Case and Alternative Dispute Resolution Information Package.

(To be completed by recipient):

Date this form is signed:

Charles Pedone
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
OR WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____ 7/23/09
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT E

JAMES C. NIELSEN (111889)
JENNIFER S. COHN (169973)
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

J. SCOTT MILLER (256476)
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone: (213) 239-9009
Facsimile: (213) 239-9007

*Attorneys for Defendant*
Philadelphia Indemnity Insurance Company

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 17 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DAWN ALEXANDER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

JENNIFER WITHERS, an individual,

    Plaintiff,

    v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, a
Pennsylvania corporation; CPH &
ASSOCIATES, INC., an Illinois
corporation; CPH & ASSOCIATES,
INSURANCE AGENCY, INC.; CPH &
ASSOCIATES, LLC, and
and Does 1 through 25, inclusive,

    Defendants.

Case No.: BC 408287

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY'S ANSWER
TO COMPLAINT OF JENNIFER
WITHERS**

Honorable Amy D. Hogue
Dept. 34

Complaint Filed: February 23, 2009

Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") hereby answers plaintiff Jennifer Withers' Complaint for Breach of Insurance Contract, Bad Faith, Fraud and Deceit, and Intentional Infliction of Emotional Distress, as follows:

## GENERAL DENIAL

Philadelphia admits and alleges that it insured plaintiff under a policy of professional liability insurance, the terms and conditions of which speak for themselves. Philadelphia denies generally, under California Code of Civil Procedure § 431.30, each of the remaining allegations contained in plaintiff's Complaint, and further denies that Plaintiff has suffered any loss, damage, or injury of any kind, whether set forth in the Complaint, or in any other sum, or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Breach of Contract)

2.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred as a result of plaintiff's material breaches of the insurance contract at issue.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure of Performance)

3.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred as a result of plaintiff's failure to perform certain conditions of the insurance policy at issue.

### FOURTH AFFIRMATIVE DEFENSE

#### (Equitable Estoppel)

4.     Defendant Philadelphia alleges that plaintiff, through her words or conduct, is equitably estopped from asserting the causes of action alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred or, alternatively, that plaintiff is not entitled to recover the sums demanded, in part or in whole, due to plaintiff's failure to minimize or mitigate the injuries, losses, and damages complained of by taking reasonable measures to avoid such injuries, losses, and damages, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred because plaintiff, by her words or conduct, has waived any and all rights against defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

7.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred because each and every act of defendant, of which plaintiff complains, was justified, proper, privileged, legal, fair, and not done in degradation of the rights or legal interests of plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

8.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred by the doctrines of ratification and affirmance.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Discharge of Obligation)

10.    Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred because any duty defendant had under the insurance policy at issue has been discharged by operation of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy Terms, Conditions, Exclusions)

11.    Plaintiff's claims are subject to the terms, conditions, provisions, endorsements, limitations, and exclusions contained in the policy at issue.  Although these terms, conditions, provisions, endorsements, limitations, and exclusions do not constitute new matter and are not technically affirmative defenses, they are pleaded here out of an abundance of caution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Breach of Duties)

12.    Defendant Philadelphia alleges that the Complaint, and each cause of action alleged therein, is barred because plaintiff failed to satisfy her duties after loss as set forth in the policy at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

13.    Plaintiff's damages, if any, were proximately caused by the wrongful conduct of third parties over whom this defendant had right or duty of control.   To the extent that plaintiff's damages, if any, were caused or contributed to by these third parties, this defendant requests that liability be apportioned and fault be allocated among all parties by the court or jury, and that a judgment or declaration be made in accordance with the apportionment of fault.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Damages Uncertain)

14.    Plaintiff's alleged damages, if any, are so uncertain and speculative that they

4

1  cannot be proven and she is therefore barred from recovering.

2  FIFTEENTH AFFIRMATIVE DEFENSE

3  (Laches)

4  15.   The doctrine of laches bars plaintiff from recovering any and all damages

5  alleged in the Complaint.

6  SIXTEENTH AFFIRMATIVE DEFENSE

7  (Additional Affirmative Defenses)

8  16.   Defendant reserves the right to add to, delete, or modify the affirmative

9  defenses herein, and to amend the affirmative defenses to conform to proof at trial.

10

11

12  PRAYER FOR RELIEF

13  WHEREFORE, this answering defendant prays as follows:

14  1.   That plaintiff take nothing by reason of her Complaint, and that judgment be

15  rendered in favor of defendant;

16  2.   That the policy at issue be rescinded or reformed in favor of defendant;

17  3.   That defendant be awarded its costs of suit incurred in defense of this

18  action; and

19  4.   For such other relief as the Court deems proper.

20

21  DATED:  August 14, 2009                    NIELSEN, HALEY & ABBOTT LLP

22

23

24

25  By

26  J. SCOTT MILLER

27  *Attorneys for Defendant*
    PHILADELPHIA INDEMNITY

28  INSURANCE COMPANY

---

5

<u>PROOF OF SERVICE</u>

JENNIFER WITHERS v. PHILADELPHIA INDEMNITY INSURANCE CO., et al
Los Angeles Superior Court – Central District
Case No. BC 408287

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause.  My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On August 14, 2009, I served the within:

PHILIDEPHIA INDEMNITY INSURANCE COMPANY'S ANSWER TO
COMPLAINT OF JENNIFER WITHERS

BY MAIL on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

Keith F. Simpson, Esq.
Law Offices of Keith F. Simpson, APC
1230 Rosecrans Avenue, Suite 170
Manhattan Beach, California  90266
*Attorneys for Plaintiff Jennifer Withers*

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on August ⎸4 , 2009.

Hayden Sakow

EXHIBIT F

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick A. Mesisca, Jr. (State Bar # 057795)<br>Mesisca, Riley & Kreitenberg LLP<br>725 S. Figueroa St., Suite 1650, Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 623-2300   FAX NO.: (213) 623-6600<br>ATTORNEY FOR (Name): Jennifer Withers, Plaintiff | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>FEB 2 3 2009<br><br>John A. Clarke, Executive Officer/Clerk<br><br>BY MARY GARCIA, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Withers v. Philadelphia Indemnity Insurance Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BC408287 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 23, 2009

Patrick A. Mesisca, Jr.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 (Rev. July 1, 2007) | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |

| SHORT TITLE: Withers v. Philadelphia Indemnity, et al. | CASE NUMBER: BC408287 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [✓] YES    CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10   [ ] HOURS/ [✓] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 | Civil Rights/Discrimination | 1., 2., 3 |
| | Defamation (13) | [ ] A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 | Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Withers v. Philadelphia Indemnity, et al. | | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☑ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels_____ | 2 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Withers v. Philadelphia Indemnity, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8<br>2., 9. |

| SHORT TITLE:<br>Withers v. Philadelphia Indemnity, et al. | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>949 Centinela Blvd. |
|---|---|
| CITY:<br>Los Angeles · STATE: CA · ZIP CODE: 90403 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 23, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT G

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

*BC 408287*

Case Number _____

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400.
Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly
to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
                                                                    By _____, Deputy Clerk

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

EXHIBIT H

 

*from the*
LOS ANGELES SUPERIOR COURT
*ADR* DEPARTMENT

If you have an unlimited civil case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

## *Your case may be eligible for the court's Neutral Evaluation (NE) program.*

◊ **NE can reduce litigation time and costs and promote settlement.**

◊ NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

◊ **NE is voluntary and confidential.**

◊ The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

◊ **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

REV. 06/27/07

# LOS ANGELES COUNTY
## DISPUTE RUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organiza vide mediation services under contract with the Los Angeles County Department of Comm enior Services. Services are provided to parties in any civil case filed in the Los Angeles County Supe. Services are not provided under this program to family, probate, traffic, criminal, appellate, math, unlawful detainer/eviction or juvenile court cases.

Pacific American Dispute Resolution Center
(213) 250-8190
(Spanish & Asian languages capability)

ornia Academy of Mediation Professionals
(818) 377-7250

Center for Conflict Resolution
(818) 380-1840

Inland Valleys Justice Center
(909) 397-5780
(Spanish language capability)

Office of s Angeles City Attorney Dispute Resolution Program
(213) 485-8324
(Spanish language capability)

Los An ounty Bar Association Dispute Resolution Services
toll f mber 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

L eles County Department of Consumer Affairs
(213) 974-0825
(Spanish language capability)

T la Law School Center for Conflict Resolution
(213) 736-1145
(Spanish language capability)

Martin L King Legacy Association Dispute Resolution Center
(323) 290-4132
(Spanish language capability)

City of Norwalk
(562) 929-5603

DRPA Contracto provide legal advice or assistance, including help with responding to summonses. g these services does not negate any responsibility you have to respond to a sum appear at any set court date. See the reverse side of this sheet for information on tion process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

### What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

### Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

### How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ◆ Have productive discussions<br>◆ Avoid or break impasses<br>◆ Defuse controversy<br>◆ Generate options that have potential for mutual gain<br>◆ Better understand each other's concerns and goals<br>◆ Focus on their interests rather than their positions | ◆ Provide advice or opinions<br>◆ Offer legal information<br>◆ Make decisions for parties<br>◆ Represent or advocate for either side<br>◆ Judge or evaluate anyone or anything<br>◆ Conduct research<br>◆ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income Individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

THIS IS A TWO-SIDED DOCUMENT.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 08/08)
LASC Approval 10-03

<u>LOS ANGELES SUPERIOR COURT ADR PROGRAMS</u>

<u>CIVIL:</u>
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

<u>FAMILY LAW (non-custody):</u>
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

<u>PROBATE:</u>
- **Mediation**
- **Settlement Conference**

<u>NEUTRAL SELECTION</u>

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

<u>COURT ADR PANELS</u>

Party Pay Panel    The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Pro Bono Panel    The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Private Neutral    The market rate for private neutrals can range from $300-$1,000 per hour.

<u>ADR ASSISTANCE</u>

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)686-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NUMBER          Reserved for Clerk's Fee Stamp

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
|  |  |

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant
Name of Party or Attorney Executing Stipulation
Signature of Party or Attorney

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT I

**FILED**
LOS ANGELES SUPERIOR COURT

NOTICE SENT TO:

Mesisca, Patrick A., Jr., Esq.
Mesisca Riley & Kreitenberg LLP
725 South Figueroa Street, Suite 1650
Los Angeles          CA  90017

FILE STAMP

FEB 2 7 2009

JOHN A. CLARKE, CLERK

BY ALISON ALBA, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JENNIFER WITHERS | CASE NUMBER |
| Plaintiff(s), | BC408287 |
| VS. | |
| PHILADELPHIA INDEMNITY INSURANCE COMPAN | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| Defendant(s). | |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 22, 2009  at  8:30 am  in  Dept. 53  at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: February 27, 2009

_____
Judicial Officer
JOHN P. SHOOK, JUDGE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: February 27, 2009

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EXHIBIT J

1  PATRICK A. MESISCA, JR., ESQ. (SBN 057795)
   DENNIS P. RILEY, ESQ. (SBN 134200)
2  MIKE N. VO, ESQ. (SNB 216340)
3  MESISCA RILEY & KREITENBERG LLP
   725 S. Figueroa St., Suite 1650
4  Los Angeles, CA 90017
   Tel. (213) 623-2300
5  Fax. (213) 623-6600
6  Attorneys for Plaintiff, JENNIFER WITHERS

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 04 2009

JOHN A. CLARKE, CLERK

BY GLORIETTA ROBINSON, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, UNLIMITED JURISICTION

10

11  JENNIFER WITHERS, an individual,              Case No.: BC 408287
                                                 [Assigned to the Hon. John P. Shook, Dept.
12              Plaintiff,                       53]

13          vs.
                                                 PEREMPTORY CHALLENGE
14  PHILADELPHIA INDEMNITY INSURANCE             PURSUANT TO C.C.P. SECTION 170.6
    COMPANY, a Pennsylvania Corporation; CPH &   AND DECLARATION OF MIKE N. VO
15  ASSOCIATES, INC. an Illinois Corporation; CPH
    & ASSOCIATES, INSURANCE AGENCY, INC.;
16  CPH & ASSOCIATES, LLC; and Does 1 through
    25, inclusive,
17
18              Defendants.
19

20  TO THE HONORABLE JOHN P. SHOOK:

21        The attorneys for plaintiff JENNIFER WITHERS in the above entitled matter hereby move that

22  the trial of the above entitled matter, which involves a contested issue of law and/or fact, and which

23  has been assigned to the Honorable John P. Shook of the above entitled court, be reassigned from that

24  Judge, and that no matters hereinafter arising in this case be heard on the ground that said Judge is

25  prejudiced against plaintiff, her attorneys in this action, or in the interests of plaintiff.

26        This motion is based on the matters contained herein, on Code of Civil Procedure Section 170.6

27  and the supporting Declaration of Mike N. Vo, attached hereto and filed herewith.

28        WHEREFORE, plaintiff prays for the relief herein requested be granted.

                                            1

                        PEREMPTORY CHALLENGE

1

2

3   Dated: March 3, 2009                    MESISCA RILEY & KREITENBERG LLP

4

5                                   By: _____

6                                        PATRICK A. MESISCA, JR.

7                                        DENNIS P. RILEY
                                         MIKE N. VO
8                                        Attorneys for Plaintiff,
                                         Jennifer Withers
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## DECLARATION OF MIKE N. VO

I, Mike N. Vo, declare as follows:

1.     I am an attorney licensed to practice before all courts of the State of California and am an associate of the Law Firm of Mesisca, Riley & Kreitenberg, attorneys of record for plaintiff Jennifer Withers.  The facts set forth herein are true of my own personal knowledge and if called upon to testify thereto, I could and would competently do so under oath.

2.     The Honorable John P. Shook, the Judge before whom the trial of the above-referenced action has been assigned is prejudiced against the party, the party's attorney or the interest of the party so that plaintiff believes that she cannot have a fair and impartial trial before such Judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 3, 2009, at Los Angeles, California.


_____

Mike N. Vo

3

PEREMPTORY CHALLENGE

EXHIBIT K

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/05/09                                                  **DEPT. 53**

HONORABLE JOHN P. SHOOK          JUDGE   B. JEW          DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
#  )         A. ALBA, C/A        Deputy Sheriff   NONE              Reporter

| 8:30 am | BC408287 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JENNIFER WITHERS | | |
| | VS | Defendant | |
| | PHILADELPHIA INDEMNITY INSURANC | Counsel | |
| | COMPANY ET AL | | |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE

A peremptory challenge under Section 170.6 of the Code
of Civil Procedure was filed herein on 3-4-09 against
Judge John Shook by the plaintiff.

The Court finds that it was timely filed, in proper
format, and it is accepted.

The case is ordered transferred to Department One for
re-assignment.

The case management conference set 6-22-09 is advanced
to this date and vacated.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
3-5-09 upon plaintiff's counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 3-5-09

Page   1 of   2    DEPT. 53

MINUTES ENTERED
03/05/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/05/09                                              DEPT. 53

HONORABLE  JOHN P. SHOOK         JUDGE   B. JEW        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM         ELECTRONIC RECORDING MONITOR

# 3<sup>c</sup>    A. ALBA, C/A        Deputy Sheriff   NONE              Reporter

8:30 am  BC408287                  Plaintiff
                                   Counsel    NO APPEARANCES
         JENNIFER WITHERS
         VS                        Defendant
         PHILADELPHIA INDEMNITY INSURANC Counsel
           COMPANY ET AL

---

NATURE OF PROCEEDINGS:


John A. Clarke, Executive-Officer/Clerk


By: _____
            B. Jew



PATRICK MESISCA JR
725 S. FIGUEROA ST., STE 1650
LOS ANGELES, CA 90017

Page   2 of   2   DEPT. 53

MINUTES ENTERED
03/05/09
COUNTY CLERK

EXHIBIT L

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/13/09

DEPT. 1

HONORABLE ELIHU M. BERLE                JUDGE    M. GODDERZ         DEPUTY CLERK

HONORABLE                            JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
1.

                                     Deputy Sheriff   NONE              Reporter

| | | | |
|---|---|---|---|
| 10:45 am | BC408287 | Plaintiff Counsel | NO APPEARANCES |
| | JENNIFER WITHERS | | |
| | VS | Defendant Counsel | |
| | PHILADELPHIA INDEMNITY INSURANC COMPANY ET AL | | |

**NATURE OF PROCEEDINGS:**

170.6 CCP RE-ASSIGNMENT

Good cause appearing and on order of the Court, the above matter is reassigned from Department 53, Judge John P. Shook to Department 34, Judge Amy D. Hogue for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP, peremptory challenges by them to the newly assigned judge must be timely filed within the 10 day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if service is by mail.  Previously non-appearing parties, if any, have a 15-day statutory period from first appearance to file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 3-13-2009  upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope

                Page   1 of   2   DEPT. 1

MINUTES ENTERED
03/13/09
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/13/09 | | DEPT. 1 |
| HONORABLE ELIHU M. BERLE   JUDGE | M. GODDERZ | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 1. | Deputy Sheriff | NONE   Reporter |

| | | | |
|---|---|---|---|
| 10:45 am | BC408287 | Plaintiff Counsel | NO APPEARANCES |
| | JENNIFER WITHERS | | |
| | VS | Defendant Counsel | |
| | PHILADELPHIA INDEMNITY INSURANC COMPANY ET AL | | |

NATURE OF PROCEEDINGS:

for each, addressed as shown below with the postage
thereon fully prepaid.

Date: March 13, 2009

John A. Clarke, Executive Officer/Clerk

By: _____

MESISCA RILEY & KREITENBERG
ATTN: Mike N. Vo
725 S. Figueroa St., Ste. 1650
Los Angeles, CA.        90017

Page   2 of   2   DEPT. 1

MINUTES ENTERED
03/13/09
COUNTY CLERK

EXHIBIT M

NOTICE SENT TO:

Mesisca, Patrick A., Jr., Esq.
Mesisca Riley & Kreitenberg LLP
725 South Figueroa Street, Suite 1650
Los Angeles         CA   90017

FILED
LOS ANGELES SUPERIOR COURT

MAR 23 2009

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JENNIFER WITHERS

                              Plaintiff(s),

         VS.

PHILADELPHIA INDEMNITY INSURANCE COMPAN
                              Defendant(s).

CASE NUMBER

BC408287

**NOTICE OF CASE
MANAGEMENT CONFERENCE**

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for June 2, 2009 at 8:30 am in Dept. 34 at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: March 23, 2009

                                                    Judicial Officer
                                                    AMY D. HOGUE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ X ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: March 23, 2009                    John A. Clarke, Executive Officer/Clerk

                                        by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)                                  Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                     LASC Local Rules, Chapter Seven

EXHIBIT N

MC-051

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>Patrick A. Mesisca, Jr. (State Bar # 057795)<br>Mesisca, Riley & Kreitenberg, LLP<br>725 South Figueroa Street, Suite 1650<br>Los Angeles, CA 90017<br>TELEPHONE NO.:(213) 623-2300    FAX NO.:(213) 623-6600<br>ATTORNEY FOR *(Name)*:Jennifer Withers, Plaintiff | FOR COURT USE ONLY<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br>MAR 2 6 2009<br>JOHN A. CLARKE, CLERK<br>*(signature)*<br>BY AMBER LA FLEUR-CLAYTON, DEPUTY |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District Branch

| CASE NAME:<br>Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | CASE NUMBER<br>BC408287 |
|---|---|
| **NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS<br>COUNSEL—CIVIL** | HEARING DATE: May 11 , 2009<br>DEPT.: 34    TIME: 8:30 a.m.<br>BEFORE HON.: Amy D. Hogue<br>DATE ACTION FILED: February 23, 2009<br>TRIAL DATE: None |

TO *(name and address of client)*: Jennifer Withers

　　21 Tyne Street, Island Bay, Wellington, New Zealand

1.  PLEASE TAKE NOTICE that *(name of withdrawing attorney)*:Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr.
    moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting
    the attorney to be relieved as attorney of record in this action or proceeding.

2.  A hearing on this motion to be relieved as counsel will be held as follows:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| a. | Date: | May 11 , 2009 | Time: | 8:30 a.m. | Dept.: | 34 | Room: |

b.  The address of the court:    [ X ] same as noted above    [  ] other *(specify)*:

3.  This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and
    the following additional documents or evidence *(specify)*:

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule )*

4.  The client presently represented by the attorney is

| | | | | | |
|---|---|---|---|---|---|
| a. | [ X ] | an individual. | g. | [  ] | a trustee. |
| b. | [  ] | a corporation. | h. | [  ] | a personal representative. |
| c. | [  ] | a partnership. | i. | [  ] | a probate fiduciary. |
| d. | [  ] | an unincorporated association. | j. | [  ] | a guardian ad litem. |
| e. | [  ] | a guardian. | k. | [  ] | other *(specify)*: |
| f. | [  ] | a conservator. | | | |

*(Continued on reverse)*

**NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284;<br>
Cal. Rules of Court, rule 3.1362<br>
www.courtinfo.ca.gov

Page 1 of 2

*LexisNexis® Automated California Judicial Council Forms*

CIT/CASE: BC408287 LEM/DEF#:
RECEIPT#: CCH50J057100
DATE PAID: 03/26/09 03:53:35 PM
PAYMENT: $40.00
RECEIVED:
CHECK:
CHANGE:
CARD:
40.00
0310

  

MC–051

| CASE NAME: | CASE NUMBER: |
|---|---|
| Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | BC408287 |

---

### NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee

- A personal representative
- A probate fiduciary
- A corporation

- A guardian ad litem
- An unincorporated association

If you are one of these parties, **YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION.** Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

---

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

---

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

---

Date: March 26, 2009

Patrick A. Mesisca, Jr.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY)

Attorney for (name): Jennifer Withers

1    PATRICK A. MESISCA, JR. (SBN #057795)
     MESISCA, RILEY & KREITENBERG LLP
2    725 S. Figueroa St., Suite 1650
     Los Angeles, CA 90017
3    Tel. (213) 623-2300
     Fax (213) 623-6600
4

     Attorney for Plaintiff, JENNIFER WITHERS
5

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 2 ö 2009

JOHN A. CLARKE, CLERK

BY AMBER LA FLEUR-CLAYTON, DEPUTY

6           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7              FOR THE COUNTY OF LOS ANGELES

8

9    JENNIFER WITHERS, an individual,

10          Plaintiff,

11           vs.

12    PHILADELPHIA INDEMNITY INSURANCE
     COMPANY, a Pennsylvania Corporation; CPH
13    & ASSOCIATES, INC. an Illinois Corporation;
     CPH & ASSOCIATES, INSURANCE
14    AGENCY, INC.; CPH & ASSOCIATES, LLC;
     and Does 1 through 25, inclusive,
15

         Defendants.

**Case No.: BC 408287**
[Assigned to the Hon. Amy D. Hogue,
Department 34]

**PROOF OF SERVICE RE MOTION TO
BE RELIEVED AS COUNSEL FOR
JENNIFER WITHERS**

Date: May 11, 2009
Time: 8:30 a.m.
Dept: 34

16

17

18

19

20

21

22

23

24

25

- 1 -

**PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR
PLAINTIFF JENNIFER WITHERS**

## DECLARATION OF PATRICK A. MESISCA, JR.

I, the undersigned, declare as follows:

1.     I am an attorney duly licensed to practice before this court and attorney of record for the Plaintiff named in this action.  I am personally familiar with the facts set forth herein and if called upon as a witness to testify as to these facts, could and would competently so testify as to these facts, except as to those facts of which I am informed and believe are true.

2.     I last had contact with Plaintiff Jennifer Withers on March 20, 2009, in my office at 725 South Figueroa Street, Suite 1650 Los Angeles, CA 90017.  During the time of representing Ms. Withers, she informed me that her home address is 21 Tyne Street, Island Bay, Wellington New Zealand, which to my knowledge, had not changed as of March 20, 2009.  In addition, during the time I have represented Ms. Withers we have communicated extensively through e-mail with her long-time e-mail address of kinesis007@yahoo.com.

3.   On March 26, 2009, I served the following documents on Plaintiff Jennifer Withers:

   (a)     **Notice of Motion and Motion to be Relieved as Counsel – Civil;**

   (b)     **Declaration of Patrick A. Mesisca Jr. in Support of Attorney's Motion to Be Relieved as Counsel – Civil; and**

   (c)     **[Proposed] Order Granting Attorney's Motion to Be Relieved as Counsel – Civil.**

4.   I served the foregoing documents on Plaintiff Jennifer Withers by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

**Jennifer Withers**

**21 Tyne Street**

**Island Bay, Wellington New Zealand**

5.   I placed such envelope for deposit in the U. S. Mail for service by the United States Postal Service, with postage thereupon fully prepaid.

- 2 -

**PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF JENNIFER WITHERS**

6.  In addition to serving the foregoing papers via U.S. Mail, I also e-mailed a pdf of the foregoing documents to Jennifer Withers at her e-mail address of kinesis007@yahoo.com on the same date.  Attached hereto as Exhibit "A" is a true and correct copy of the e-mail correspondence forwarding the documents.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

DATED: March 26, 2009

_____
Patrick A. Mesisca, Jr.

- 3 -

**PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF JENNIFER WITHERS**



EXHIBIT "A"

Page 1 of 1

**Patrick Mesisca**

| | |
|---|---|
| **From:** | Patrick Mesisca |
| **Sent:** | Thursday, March 26, 2009 1:17 PM |
| **To:** | 'kinesis007@yahoo.com' |
| **Cc:** | Patrick Mesisca |
| **Subject:** | Motion to Be Relieved as Counsel |
| **Attachments:** | Notice of Motion (McKinniss).pdf; Declaration (McKinniss).pdf; Order (McKinniss).pdf; Notice of Motion (Phil Ins).pdf; Declaration (Phil Ins).pdf; Order (Phil Ins).pdf; Work & Income 3.19.09.pdf |

Ms. Withers -
Please find attached to this e-mail the documents related to the motions to be relieved as counsel of record.

In the case of Withers v. Mckinniss, Case No. BC408604, please find attached the following:
(1) Notice of Motion and Motion to be Relieved as Counsel;
(2) Declaration in Support of Notice of Motion and Motion to be Relieved as Counsel; and
(3) [Proposed] Order Granting Motion to be Relieved as Counsel.

In the case of Withers v. Philadelphia Indem Ins., Case No. BC408287, please find attached the following:
(1) Notice of Motion and Motion to be Relieved as Counsel;
(2) Declaration in Support of Notice of Motion and Motion to be Relieved as Counsel; and
(3) [Proposed] Order Granting Motion to be Relieved as Counsel.
As we have previously advised you, your files remain in our office and are available for you to pick up. If you would prefer, upon your direction, we will arrange for the files to be forwarded to a location of your choosing.

Lastly, I am attaching a copy of the letter you requested regarding your time away from New Zealand.

PATRICK A. MESISCA, JR.

Mesisca, Riley & Kreitenberg, LLP

725 South Figueroa St., Suite 1650

Los Angeles, CA 90017

Tel: 213.623.2300 x202

Fax: 213.623.6600

mesisca@mrklawyers.com

The information contained in this e-mail communication is privileged and confidential. This e-mail is intended only for the use of the individual to whom it is addressed. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us immediately and return the e-mail to us at such e-mail address. You should destroy any hard copies of this e-mail and delete it from your e-mail system.

EX A

3/26/2009

MC–052

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Patrick A. Mesisca, Jr.  (State Bar # 057795)
Mesisca, Riley & Kreitenberg, LLP
725 South Figueroa Street, Suite 1650
Los Angeles, CA 90017
TELEPHONE NO: (213) 623-2300   FAX NO: (213) 623-6600
ATTORNEY FOR *(Name):* Jennifer Withers, Plaintiff

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District Branch

*FOR COURT USE ONLY*

**FILED**
LOS ANGELES SUPERIOR COURT
MAR 2 6 2009
JOHN A. CLARKE, CLERK
BY AMBER LA FLEUR-CLAYTON, DEPUTY

| CASE NAME: Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al | CASE NUMBER: BC408287 |
|---|---|

| **DECLARATION IN SUPPORT OF ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: May 11, 2009 |
|---|---|
| | DEPT.: 34    TIME: 8:30 a.m. |
| | BEFORE HON.: Amy D. Hogue |
| | DATE ACTION FILED: February 23, 2009 |
| | TRIAL DATE: |

1. **Attorney and Represented Party.** Attorney *(name):* Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr.
is presently counsel of record for *(name of party):* Jennifer Withers, Plaintiff
in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1) for the following reasons *(describe):*

[X] Continued on Attachment 2.

3. **Service**
a. Attorney has
(1) [ ] personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service will be filed with the court at least 5 days before the hearing.
(2) [X] served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
b. If the client has been served by mail at the client's last known address, attorney has
(1) [X] confirmed within the past 30 days that the address is current
(a) [ ] by mail, return receipt requested.
(b) [X] by telephone.
(c) [X] by conversation.
(d) [ ] by other means *(specify):*

*(Continued on reverse)*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC–052

| CASE NAME: | CASE NUMBER: |
|---|---|
| Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al | BC408287 |

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

    (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

    (b) ☐ calling the client's last known telephone number or numbers.

    (c) ☐ contacting persons familiar with the client (specify):

    (d) ☐ conducting a search (describe):

    (e) ☐ other (specify):

  c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record (explain):

4. The next hearing scheduled in this action or proceeding
  a. ☐ is not yet set.
  b. ☒ is set as follows (specify the date, time, and place): CMC June 2, 2009 8:30 a.m. Dept. 34 LASC

  c. ☐ concerns (describe the subject matter of the hearing):

☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case (for each, describe the date, time, place, and subject matter):
Pursuant to California Rules of Court, Rule 3.110(b) service of the complaint must be served within 60 days of filing the complaint.

☐ Continued on Attachment 5.

6. Trial in this action or proceeding
  a. ☒ is not yet set.
  b. ☐ is set as follows (specify the date, time, and place):

7. Other. Other matters that the court should consider in determining whether to grant this motion are the following (explain):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: March 26, 2009

| Patrick A. Mesisca, Jr. | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

8. Number of pages attached: 1

**DECLARATION IN SUPPORT OF ATTORNEY'S
MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

*LexisNexis® Automated California Judicial Council Forms*

# Attachments

Attachment 2

a.  The grounds for withdrawal are as follows:

1)  A conflict of interest has developed between the attorney and client necessitating the attorney's immediate withdrawal;

2)  A breakdown in communication between attorney and client renders it necessary for the attorney to immediately withdraw; (Rule of Professional Conduct 3-700(C)(6).

3)  Further grounds for withdrawal exist which will be disclosed to the court in camera by supplementation of this motion, under seal, in any hearing conducted before this court or as otherwise required by this court;

b.  There is no prejudice to Plaintiff by the granting of this motion.

c.  This action was filed on February 23, 2009.

d.  On March 20, 2009 Mesisca Riley & Kreitenberg, LLP provided Ms. Withers, in person, with an explanation, in writing, concerning it's intent to withdraw, its reasons for withdrawal, and recommending that Ms. Withers promptly seek legal counsel if she intended to continue with the lawsuit. Mesisca Riley & Kreitenber LLP presented Ms. Withers, in person, a Substitution of Attorney Form and requested Ms. Withers to sign the Substitution of Attorney Form but Ms. Withers refused, necessitating this motion.

e.  On March 24, 2009 Mesisca Riley & Kreitenberg, LLP sent Ms. Withers written notification that on March 24, 2009 all client papers belonging to Ms. Withers in the possession of Mesisca Riley & Kreitenberg, LLP were available to her to be picked up.

f.  In the intervening time between March 20, 2009 and March 24, 2009, a period of two (2) business days, Mesisca Riley & Kreitenberg, LLP arranged, at its expense, to photocopy the documents belonging to Ms. Withers concerning this case. (Rule of Professional Conduct 3-700(C)(6)).

g.  Mesisca Riley & Kreitenberg, LLP was retained by Ms. Withers pursuant to a contingency fee arrangement.

h.  Mesisca Riley & Kreitenberg, LLP has not charged any fee for its services;

i.  Mesisca Riley & Kreitenberg, LLP does not intend to charge a fee for its services or costs and expenses incurred in this matter on the client's behalf, nor will Mesisca Riley & Kreitenberg, LLP assert any lien in this matter for the recovery of attorney's fees.

j.  Mesisca Riley & Kreitenberg, LLP has taken steps to avoid prejudice to the client prior to withdrawing, including requesting that this court stay the matter pursuant ot C.C.P. Section 285.3 and extend the time in which to serve the defendants and file proofs of service with the court pursuant to California Rules of Court Rule 3.110(e);

k.  Mesisca Riley & Kreitenberg, LLP has not delayed in seeking a formal order of withdrawal in this matter.

l.  Plaintiff will not suffer any prejudice by this order shortening time as upon granting this motion.  The action has been pending for less than thirty-five (35) days, no service of process has taken place. There has been no discovery and no appearances before this court.

EXHIBIT O

34

1 | PATRICK A. MESISCA, JR. (SBN #057795)
MESISCA, RILEY & KREITENBERG LLP
2 | 725 S. Figueroa St., Suite 1650
Los Angeles, CA 90017
3 | Tel. (213) 623-2300
Fax (213) 623-6600
4
Attorney for Plaintiff, JENNIFER WITHERS
5

**FILED**
LOS ANGELES SUPERIOR COURT
MAR 27 2009
John A. Clarke, Executive Officer/Clerk
BY _____ , DEPUTY
K. Mason

6 |          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7 |                FOR THE COUNTY OF LOS ANGELES

8

9 | JENNIFER WITHERS, an individual,          Case No.: BC408287
                                            [Assigned to the Hon. Amy D. Hogue,
10 |              Plaintiff,                  Department 34]

11 |        vs.                              **EX PARTE APPLICATION OF MESISCA
                                            RILEY & KREITENBERG LLP TO**
12 | PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a Pennsylvania Corporation; CPH    **(1) Stay Proceedings C.C.P. § 285.3;**
13 | & ASSOCIATES, INC. an Illinois Corporation; **(2) Extend Time to File Proofs of Service of**
CPH & ASSOCIATES, INSURANCE                 **Summons and Complaint C.R.C**
14 | AGENCY, INC.; CPH & ASSOCIATES, LLC;    **3.110(e); and**
and Does 1 through 25, inclusive,           **(3) Shorten Time to Hear Motion to be**
15 |                                         **Relieved as Counsel for Plaintiff**
              Defendants.                    **Jennifer Withers.**
16

17 |                                         **MEMORANDUM OF POINTS AND
                                            AUTHORITIES AND DECLARATION OF
18 |                                         PATRICK A. MESISCA, JR. IN
                                            SUPPORT**
                                            [PROPOSED ORDER SUBMITTED]
19
                                            Date: March 27, 2009
20 |                                         Time: 8:30 a.m.
                                            Dept: 34
21

22 | _____

23 |    **TO: PLAINTIFF, JENNIFER WITHERS:**

24 |    **PLEASE TAKE NOTICE** that on March 27, 2009, at 8:30 a.m. or as soon thereafter as

25 | the matter can be heard in Dept. 34 of the Los Angeles County Superior Court, Central District,

                              - 1 -

    **PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

located at 111 N. Hill Street, Los Angeles, CA 90012, Plaintiff's counsel, Mesisca Riley & Kreitenberg LLP, will move for the following orders:

(1) An order staying the proceedings pursuant to C.C. P. § 285.3;

(2) An order extending the time within which to file proofs of service of the summons and complaint; and

(3) An order shortening time to hear Plaintiff's counsel's Motion to Be Relieved as Counsel. The motion is currently set for May 11, 2009.

This application is made on the grounds that:

1. A conflict of interest has developed between the attorney and client necessitating the attorney's immediate withdrawal;

2. A breakdown in communication between attorney and client renders it necessary for the attorney to immediately withdraw; (Rule of Professional Conduct 3-700(C)(6).

3. Further grounds for withdrawal exist which will be disclosed to the court in *in camera* proceedings or by supplementation of this motion, under seal, or as otherwise required by this court.

Accordingly, an order shortening time is requested to allow counsel to be relieved expeditiously as well as orders staying the proceedings and extending service requirements so as not to prejudice plaintiff.

This application is based upon the attached declaration, the pleadings, records and files in the above-entitled action and such oral and documentary evidence as may be presented at or before the time of the hearing and the application.

Dated: March 24, 2009                    MESISCA, RILEY & KREITENBERG, LLP

                                         By: _____
                                              PATRICK A. MESISCA, JR.
                                              Attorneys for Plaintiff

- 2 -

**PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   THIS APPLICATION MAY BE HEARD ON EX PARTE NOTICE AND THE COURT HAS THE POWER TO SHORTEN TIME TO HEAR MOTIONS

California Rules of Court, Rule 3.1202, allows for the ex parte granting of motions on shortened notice where good cause is shown.  Furthermore, California Code of Civil Procedure, § 128(a)(8) provides in relevant part: "Every Court shall have the power ... to amend and control its process and order so as to conform them to law and justice."

### II.   THE COURT HAS THE POWER TO STAY AN ACTION PENDING UPON THE FILING OF A MOTION TO WITHDRAW AS COUNSEL OF RECORD

Code of Civil Procedure § 285.3 states:

> The court, upon the granting of a motion for withdrawal pursuant
> to Section 285.2, may toll the running of any statute of limitations,
> filing requirement, statute providing for mandatory dismissal,
> notice of appeal, or discovery requirement, for a period not to
> exceed 90 days, on the court's own motion or on motion of any
> party or attorney, when the court finds that tolling is required to
> avoid legal prejudice caused by the withdrawal of the legal service
> agency attorney.

This action was recently filed and good cause exists to stay the proceedings until such time as Plaintiff is able to find counsel to represent her in this matter so as to prevent any prejudice to plaintiff during the time she does not have counsel and the pendency of the motion to withdraw.

- 3 -

PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.

III.   **THE COURT HAS THE POWER TO EXTEND THE TIME WITHIN WHICH TO SERVE A SUMMONS AND COMPLAINT UPON A DEFENDANT**

California Rules of Court, Rule 3.110 (e) provides in pertinent part:

> The court, on its own motion or on the application of a party, may extend or
> otherwise modify the times provided in (b)-(d). An application for a court order
> extending the time to serve a pleading must be filed before the time for service
> has elapsed.

The complaint in this action was filed on February 23, 2009 and therefore, the time within which to serve defendants has not lapsed. Plaintiff's current counsel is withdrawing from the action and therefore, good cause exists to extend the service time until a reasonable time after Plaintiff has substituted in new counsel to handle the action.

IV.   **GOOD CAUSE EXISTS TO SHORTEN TIME ON COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD AND PLAINTIFF WILL NOT BE PREJUDICED**

Counsel filed and served the motion to be relieved as counsel on March 26, 2009. Due to the service requirement of a motion on an out of country party, the motion currently is not scheduled to be heard until May 11, 2009. Good cause exists to order that the motion of Mesisca, Riley & Kreitenberg, LLP to be relieved as counsel for Plaintiff, Jennifer Withers be heard on shortened notice as:

1. A conflict of interest has developed between the attorney and client necessitating the attorney's immediate withdrawal;

2. A breakdown in communication between attorney and client renders it necessary for the attorney to immediately withdraw; (Rule of Professional Conduct 3-700(C)(6).

3. Further grounds for withdrawal exist which will be disclosed to the court *in camera* by supplementation of this motion, under seal, in any hearing conducted before this court or as otherwise required by this court.

- 4 -

PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.

Counsel's motion to be relieved as attorney of record for plaintiff is a proper motion that must be granted due to the circumstances between counsel and the client.  As the motion must be granted there is no prejudice in hearing and granting the motion at an earlier time.  Further, the granting of the motion at an earlier time will allow Plaintiff more time within which to locate new counsel while the action is stayed as requested in this application and provide new counsel time within which to get up to speed on the action before have to serve and begin prosecution of the action.

## V.    CONCLUSION

For the foregoing reasons, plaintiff's counsel respectfully requests that the Court grant this Ex Parte Application for the following orders:  (1) An order staying the proceedings pursuant to C.C. P. § 285.3;  (2) An order extending the time within which to file proofs of service of the summons and complaint; and  (3) An order shortening time to hear Plaintiff's counsel's Motion to Be Relieved as Counsel.

Dated: March 26, 2009                          MESISCA, RILEY & KREITENBERG, LLP

By: _____
                                                        PATRICK A. MESISCA, JR.
                                                        Attorneys for Plaintiff

- 5 -

**PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

## DECLARATION OF PATRICK A. MESISCA, JR.

I, the undersigned, declare as follows:

1.      I am an attorney duly licensed to practice before this court and attorney of record for the defendants named in this action.  I am personally familiar with the facts set forth herein and if called upon as a witness to testify as to these facts, could and would competently so testify as to these facts, except as to those facts of which I am informed and believe are true.

2.      The grounds for withdrawal are as follows: (a) A conflict of interest has developed between my office and Ms. Withers necessitating my office's immediate withdrawal; (b) A breakdown in communication between my office and Ms. Withers renders it necessary for my office to immediately withdraw; (Rule of Professional Conduct 3-700(C)(6) and (c) Further grounds for withdrawal exist which will be disclosed to the court *in camera* by supplementation of this motion, under seal, in any hearing conducted before this court or as otherwise required by this court.

3.      There is no prejudice to Plaintiff by the granting of this motion.

4.      This action was filed on February 23, 2009.

5.      On March 20, 2009 I provided Ms. Withers with an explanation, in writing, concerning my office's intent too withdraw, its reasons for withdrawal, and recommending that Ms. Withers promptly seek legal counsel if she intended to continue with the lawsuit.

6.      On March 24, 2009 Mesisca Riley & Kreitenberg, LLP sent Ms. Withers written notification that on March 24, 2009 all client papers belonging to Ms. Withers in the possession of Mesisca Riley & Kreitenberg, LLP were available to her to be picked up.

7.      In the intervening time between March 20, 2009 and March 24, 2009, a period of two (2) business days, Mesisca Riley & Kreitenberg, LLP arranged, at its expense, to photocopy the documents belonging to Ms. Withers concerning this case. (Rule of Professional Conduct 3-700(C)(6)).

- 6 -

**PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

8.     Mesisca Riley & Kreitenberg, LLP was retained by Ms. Withers pursuant to a contingency fee arrangement.

9.     Mesisca Riley & Kreitenberg, LLP has not charged any fee for its services;

10.    Mesisca Riley & Kreitenberg, LLP does not intend to charge a fee for its services or costs and expenses incurred in this matter on the client's behalf, nor will Mesisca Riley & Kreitenberg, LLP assert any lien in this matter for the recovery of attorney's fees.

11.    Mesisca Riley & Kreitenberg, LLP has taken steps to avoid prejudice to the client prior to withdrawing, including requesting that this court stay the proceedings pursuant to C.C.P. § 285.3 and extend the time in which to serve the defendants and file proofs of service with the court;

12.    Mesisca Riley & Kreitenberg, LLP has not delayed in seeking a formal order of withdrawal in this matter. A motion to be relived as counsel was filed on March 26, 2009 and served the same date. Due to the notice requirements, the motion is not scheduled to be heard until May 11, 2009. A true and correct copy of the motion and supporting papers is attached hereto as Exhibit "1".

13.    Plaintiff will not suffer any prejudice by this order shortening time as upon granting this motion. The action has been pending for less than thirty-five (35) days, no service of process has taken place. There has been no discovery and no appearances before this court. Mesisca Riley & Kreitenberg LLP has requested that plaintiff have until June 20, 2009 in which to file proof of service upon defendants.

**EX PARTE NOTICE**

14.    On March 25, 2009, at approximately 6:00 p.m. attorney Dennis P. Riley called plaintiff Jennifer Withers, and informed her that Mesisca Riley & Kreitenberg LLP  would be appearing in Dept. 34, on March 27, 2009 at 8:30 a.m., to request orders (a) staying the action, (b) extending time for service and (c) shortening time to hear Mesisca Riley & Kreitenberg's Motion to be Relieved as Counsel for Plaintiff, Jennifer Withers. In addition, following the telephone message, an e-mail was sent to Ms. Withers e-mail address that we have used for

- 7 -

**PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

1 | extensive communication in this action confirming the voice message and again providing the

2 | foregoing notice. A true and correct copy of this e-mail is attached as "Exhibit "2".

3 |      15.    On March 26, 2007 at approximately 3:30 p.m. a copy of this ex parte application

4 | was e-mailed to Ms. Withers at the e-mail address that we had used for our communication. A

5 | true and correct copy of this e-mail is attached as "Exhibit "3".

6 |      16.    I have had no response from Ms. Withers regarding the ex parte notice, the

7 | motion to be relieved or on any other matter since last speaking to her on March 20, 2009.

8 |      15.    This application must be heard ex-parte due to the exigency of the circumstances.

9 |      I declare under penalty of perjury pursuant to the laws of the State of California that the

10 | foregoing is true and correct.

11 |

12 | DATED: March 26, 2009

13 |

14 |

15 |                             Patrick A. Mesisca, Jr.

- 8 -

**PLAINTIFF'S EX PARTE APPLICATION TO (1) STAY PROCEEDINGS ETC.**

MC–051

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Patrick A. Mesisca, Jr. (State Bar # 057795)<br>Mesisca, Riley & Kreitenberg, LLP<br>725 South Figueroa Street, Suite 1650<br>Los Angeles, CA 90017<br>TELEPHONE NO.:(213) 623-2300   FAX NO.: (213) 623-6600<br>ATTORNEY FOR *(Name)*: Jennifer Withers, Plaintiff | |

| | |
|---|---|
| NAME OF COURT: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
| STREET ADDRESS: | 111 North Hill Street |
| MAILING ADDRESS: | 111 North Hill Street |
| CITY AND ZIP CODE: | Los Angeles 90012-3014 |
| BRANCH NAME: | Central District Branch |

| CASE NAME:<br>Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | CASE NUMBER:<br>BC408287 |
|---|---|

| NOTICE OF MOTION AND MOTION<br>TO BE RELIEVED AS<br>COUNSEL—CIVIL | HEARING DATE: May 11 , 2009 |
|---|---|
| | DEPT.: 34   TIME: 8:30 a.m. |
| | BEFORE HON.: Amy D. Hogue |
| | DATE ACTION FILED: February 23, 2009 |
| | TRIAL DATE: None |

TO *(name and address of client)*: Jennifer Withers

                21 Tyne Street, Island Bay, Wellington, New Zealand

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney)*: Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr. moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| a. | Date: | May 11 , 2009 | Time: | 8:30 a.m. | Dept.: | 34 | Room: |
|---|---|---|---|---|---|---|---|

  b. The address of the court:   [ X ] same as noted above   [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify)*:

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is

  a. [ X ] an individual.
  b. [ ] a corporation.
  c. [ ] a partnership.
  d. [ ] an unincorporated association.
  e. [ ] a guardian.
  f. [ ] a conservator.

  g. [ ] a trustee.
  h. [ ] a personal representative.
  i. [ ] a probate fiduciary.
  j. [ ] a guardian ad litem.
  k. [ ] other *(specify)*:

Ex 1

*(Continued on reverse)*

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2007]

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

 

MC–051

| CASE NAME: | CASE NUMBER: |
|---|---|
| Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | BC408287 |

### NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A personal representative
- A guardian ad litem
- A conservator
- A probate fiduciary
- An unincorporated association
- A trustee
- A corporation

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

Date: March 26, 2009

Patrick A. Mesisca, Jr.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY)

Attorney for (name): Jennifer Withers

MC–052

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Patrick A. Mesisca, Jr.   (State Bar # 057795)<br>Mesisca, Riley & Kreitenberg, LLP<br>725 South Figueroa Street, Suite 1650<br>Los Angeles, CA 90017<br>TELEPHONE NO:(213) 623-2300      FAX NO: (213) 623-6600<br>ATTORNEY FOR *(Name)*: Jennifer Withers, Plaintiff | |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District Branch

| CASE NAME:<br>Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al | | CASE NUMBER:<br>BC408287 |
|---|---|---|
| **DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | | HEARING DATE: May 11, 2009<br>DEPT: 34          TIME: 8:30 a.m.<br>BEFORE HON: Amy D. Hogue<br>DATE ACTION FILED: February 23, 2009<br>TRIAL DATE: |

1. **Attorney and Represented Party.** Attorney *(name)*: Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr.
   is presently counsel of record for *(name of party)*: Jennifer Withers, Plaintiff
   in the above-captioned action or proceeding.

2. **Reasons for Motion.** Attorney makes this motion to be relieved as counsel under Code of Civil Procedure section 284(2) instead
   of filing a consent under section 284(1) for the following reasons *(describe)*:

   ☒ Continued on Attachment 2.

3. **Service**
   a. Attorney has
      (1) ☐   personally served the client with copies of the motion papers filed with this declaration. A copy of the proof of service
             will be filed with the court at least 5 days before the hearing.
      (2) ☒   served the client by mail at the client's last known address with copies of the motion papers served with this declaration.
   b. If the client has been served by mail at the client's last known address, attorney has
      (1) ☒   confirmed within the past 30 days that the address is current
             (a) ☐   by mail, return receipt requested.
             (b) ☒   by telephone.
             (c) ☒   by conversation.
             (d) ☐   by other means *(specify)*:

(Continued on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-052 [Rev. January 1, 2007]

**DECLARATION IN SUPPORT OF ATTORNEY'S<br>MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

Code of Civil Procedure, § 284;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

MC–052

| CASE NAME: | CASE NUMBER: |
|---|---|
| Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al | BC408287 |

3. b. (2) ☐ been unable to confirm that the address is current or to locate a more current address for the client after making the following efforts:

    (a) ☐ mailing the motion papers to the client's last known address, return receipt requested.

    (b) ☐ calling the client's last known telephone number or numbers.

    (c) ☐ contacting persons familiar with the client *(specify)*:

    (d) ☐ conducting a search *(describe)*:

    (e) ☐ other *(specify)*:

  c. Even if attorney has been unable to serve the client with the moving papers, the court should grant attorney's motion to be relieved as counsel of record *(explain)*:

4. The next hearing scheduled in this action or proceeding
  a. ☐ is not yet set.
  b. ☒ is set as follows *(specify the date, time, and place)*: CMC June 2, 2009 8:30 a.m. Dept. 34 LASC

  c. ☐ concerns *(describe the subject matter of the hearing)*:

  ☐ Continued on Attachment 4.

5. The following additional hearings and other proceedings (including discovery matters) are presently scheduled in this case *(for each, describe the date, time, place, and subject matter)*:
Pursuant to California Rules of Court, Rule 3.110(b) service of the complaint must be served within 60 days of filing the complaint.

  ☐ Continued on Attachment 5.

6. Trial in this action or proceeding
  a. ☒ is not yet set.
  b. ☐ is set as follows *(specify the date, time, and place)*:

7. Other. Other matters that the court should consider in determining whether to grant this motion are the following *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: March 26, 2009

Patrick A. Mesisca, Jr.
  (TYPE OR PRINT NAME)                                     (SIGNATURE OF DECLARANT)

8. Number of pages attached:   1

# Attachments

Attachment 2

    a.  The grounds for withdrawal are as follows:

1) A conflict of interest has developed between the attorney and client necessitating the attorney's immediate withdrawal;

2) A breakdown in communication between attorney and client renders it necessary for the attorney to immediately withdraw; (Rule of Professional Conduct 3-700(C)(6).

3) Further grounds for withdrawal exist which will be disclosed to the court in camera by supplementation of this motion, under seal, in any hearing conducted before this court or as otherwise required by this court;

    b.  There is no prejudice to Plaintiff by the granting of this motion.

    c.  This action was filed on February 23, 2009.

    d.  On March 20, 2009 Mesisca Riley & Kreitenberg, LLP provided Ms. Withers, in person, with an explanation, in writing, concerning it's intent to withdraw, its reasons for withdrawal, and recommending that Ms. Withers promptly seek legal counsel if she intended to continue with the lawsuit. Mesisca Riley & Kreitenber LLP presented Ms. Withers, in person, a Substitution of Attorney Form and requested Ms. Withers to sign the Substitution of Attorney Form but Ms. Withers refused, necessitating this motion.

    e.  On March 24, 2009 Mesisca Riley & Kreitenberg, LLP sent Ms. Withers written notification that on March 24, 2009 all client papers belonging to Ms. Withers in the possession of Mesisca Riley & Kreitenberg, LLP were available to her to be picked up.

    f.  In the intervening time between March 20, 2009 and March 24, 2009, a period of two (2) business days, Mesisca Riley & Kreitenberg, LLP arranged, at its expense, to photocopy the documents belonging to Ms. Withers concerning this case. (Rule of Professional Conduct 3-700(C)(6)).

    g.  Mesisca Riley & Kreitenberg, LLP was retained by Ms. Withers pursuant to a contingency fee arrangement.

    h.  Mesisca Riley & Kreitenberg, LLP has not charged any fee for its services;

    i.  Mesisca Riley & Kreitenberg, LLP does not intend to charge a fee for its services or costs and expenses incurred in this matter on the client's behalf, nor will Mesisca Riley & Kreitenberg, LLP assert any lien in this matter for the recovery of attorney's fees.

    j.  Mesisca Riley & Kreitenberg, LLP has taken steps to avoid prejudice to the client prior to withdrawing, including requesting that this court stay the matter pursuant ot C.C.P. Section 285.3 and extend the time in which to serve the defendants and file proofs of service with the court pursuant to California Rules of Court Rule 3.110(e);

    k.  Mesisca Riley & Kreitenberg, LLP has not delayed in seeking a formal order of withdrawal in this matter.

    l.  Plaintiff will not suffer any prejudice by this order shortening time as upon granting this motion. The action has been pending for less than thirty-five (35) days, no service of process has taken place. There has been no discovery and no appearances before this court.

MC-053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick A. Mesisca, Jr.  (State Bar # 057795)<br>Mesisca, Riley & Kreitenberg, LLP<br>725 South Figueroa Street, Suite 1650<br>Los Angeles, CA 90017<br><br>TELEPHONE NO.: (213) 623-2300   FAX NO. (Optional):(213) 623-6600<br>E-MAIL ADDRESS (Optional): mesisca@mrklawyers.com<br>ATTORNEY FOR (Name): Jennifer Withers, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District Branch

| CASE NAME:<br>Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | CASE NUMBER:<br>BC408287 |
|---|---|
| **ORDER GRANTING ATTORNEY'S**<br>**MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | HEARING DATE: May 11, 2009<br>DEPT.: 34   TIME: 8:30 a.m.<br>BEFORE HON.: Amy D. Hogue<br>DATE ACTION FILED: February 23, 2009<br>TRIAL DATE: None |

1. The motion of *(name of attorney):*Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr.
   to be relieved as counsel of record for *(name of client):* Jennifer Withers, Plaintiff
   a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

**FINDINGS**

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☒ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☐ effective on *(specify date):*

6. The client's ☒ current ☐ last known   address and telephone number:
   21 Tyne Street, Island Bay, Wellington, New Zealand  011-64-4-475-3217

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place):*
      June 2, 2009 8:30 a.m. Dept. 34
   b. The hearing will concern *(subject matter):*Case Management Conference

| **NOTICE TO CLIENT**<br>You or your new attorney, if any, must prepare for and attend this hearing. | Page 1 of 2 |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-053 (Rev. January 1, 2007) | **ORDER GRANTING ATTORNEY'S**<br>**MOTION TO BE RELIEVED AS COUNSEL—CIVIL** | Code of Civil Procedure, § 284;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

MC–053

| CASE NAME: | CASE NUMBER: |
|---|---|
| Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | BC408287 |

8. The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each)*:

9. The trial in this action or proceeding:
   a. ☒ is not yet set.
   b. ☐ is set for *(specify date, time, and place)*:

10. Client is hereby notified of the following effects this order may have upon parties.

---

**NOTICE TO CLIENT**

Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

---

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

---

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

---

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

---

13. The court further orders *(specify)*:

Date: _____

_____
JUDGE OR JUDICIAL OFFICER

**ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL**

*LexisNexis® Automated California Judicial Council Forms*

1  PATRICK A. MESISCA, JR. (SBN #057795)
   MESISCA, RILEY & KREITENBERG LLP
2  725 S. Figueroa St., Suite 1650
   Los Angeles, CA 90017
3  Tel. (213) 623-2300
   Fax (213) 623-6600
4
   Attorney for Plaintiff, JENNIFER WITHERS
5

6              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7                   FOR THE COUNTY OF LOS ANGELES

8

9  JENNIFER WITHERS, an individual,        Case No.: BC 408287
                                           [Assigned to the Hon. Amy D. Hogue,
10            Plaintiff,                    Department 34]

11            vs.                           PROOF OF SERVICE RE MOTION TO
                                           BE RELIEVED AS COUNSEL FOR
12 PHILADELPHIA INDEMNITY INSURANCE        JENNIFER WITHERS
   COMPANY, a Pennsylvania Corporation; CPH
13 & ASSOCIATES, INC. an Illinois Corporation;  Date: May 11, 2009
   CPH & ASSOCIATES, INSURANCE             Time: 8:30 a.m.
14 AGENCY, INC.; CPH & ASSOCIATES, LLC;    Dept: 34
   and Does 1 through 25, inclusive,
15
              Defendants.
16

17

18

19

20

21

22

23
24
25

                              - 1 -

        PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR
                    PLAINTIFF JENNIFER WITHERS

## DECLARATION OF PATRICK A. MESISCA, JR.

I, the undersigned, declare as follows:

1.  I am an attorney duly licensed to practice before this court and attorney of record for the Plaintiff named in this action.  I am personally familiar with the facts set forth herein and if called upon as a witness to testify as to these facts, could and would competently so testify as to these facts, except as to those facts of which I am informed and believe are true.

2.  I last had contact with Plaintiff Jennifer Withers on March 20, 2009, in my office at 725 South Figueroa Street, Suite 1650 Los Angeles, CA 90017.  During the time of representing Ms. Withers, she informed me that her home address is 21 Tyne Street, Island Bay, Wellington New Zealand, which to my knowledge, had not changed as of March 20, 2009.  In addition, during the time I have represented Ms. Withers we have communicated extensively through e-mail with her long-time e-mail address of kinesis007@yahoo.com.

3.  On March 26, 2009, I served the following documents on Plaintiff Jennifer Withers:

    (a)  **Notice of Motion and Motion to be Relieved as Counsel – Civil;**

    (b)  **Declaration of Patrick A. Mesisca Jr. in Support of Attorney's Motion to Be Relieved as Counsel – Civil; and**

    (c)  **[Proposed] Order Granting Attorney's Motion to Be Relieved as Counsel – Civil.**

4.  I served the foregoing documents on Plaintiff Jennifer Withers by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

**Jennifer Withers**

**21 Tyne Street**

**Island Bay, Wellington New Zealand**

5.  I placed such envelope for deposit in the U. S. Mail for service by the United States Postal Service, with postage thereupon fully prepaid.

-2-

**PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF JENNIFER WITHERS**

6.   In addition to serving the foregoing papers via U.S. Mail, I also e-mailed a pdf of the foregoing documents to Jennifer Withers at her e-mail address of kinesis007@yahoo.com on the same date.  Attached hereto as Exhibit "A" is a true and correct copy of the e-mail correspondence forwarding the documents.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

DATED: March 26, 2009

_____
Patrick A. Mesisca, Jr.

- 3 -

**PROOF OF SERVICE RE MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFF JENNIFER WITHERS**



EXHIBIT "A"

## Patrick Mesisca

| | |
|---|---|
| **From:** | Patrick Mesisca |
| **Sent:** | Thursday, March 26, 2009 1:17 PM |
| **To:** | 'kinesis007@yahoo.com' |
| **Cc:** | Patrick Mesisca |
| **Subject:** | Motion to Be Relieved as Counsel |

**Attachments:** Notice of Motion (McKinniss).pdf; Declaration (McKinnniss).pdf; Order (McKinniss).pdf; Notice of Motion (Phil Ins).pdf; Declaration (Phil Ins).pdf; Order (Phil Ins).pdf; Work & Income 3.19.09.pdf

Ms. Withers -
Please find attached to this e-mail the documents related to the motions to be relieved as counsel of record.

In the case of Withers v. Mckinniss, Case No. BC408604, please find attached the following:
(1) Notice of Motion and Motion to be Relieved as Counsel;
(2) Declaration in Support of Notice of Motion and Motion to be Relieved as Counsel; and
(3) [Proposed] Order Granting Motion to be Relieved as Counsel.

In the case of Withers v. Philadelphia Indem Ins., Case No. BC408287, please find attached the following:
(1) Notice of Motion and Motion to be Relieved as Counsel;
(2) Declaration in Support of Notice of Motion and Motion to be Relieved as Counsel; and
(3) [Proposed] Order Granting Motion to be Relieved as Counsel.
As we have previously advised you, your files remain in our office and are available for you to pick up. If you would prefer, upon your direction, we will arrange for the files to be forwarded to a location of your choosing.

Lastly, I am attaching a copy of the letter you requested regarding your time away from New Zealand.

PATRICK A. MESISCA, JR.

Mesisca, Riley & Kreitenberg, LLP

725 South Figueroa St., Suite 1650

Los Angeles, CA 90017

Tel: 213.623.2300 x202

Fax: 213.623.6600

mesisca@mrklawyers.com

The information contained in this e-mail communication is privileged and confidential. This e-mail is intended only for the use of the individual to whom it is addressed. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us immediately and return the e-mail to us at such e-mail address. You should destroy any hard copies of this e-mail and delete it from your e-mail system.

EX A

3/26/2009

## Dennis Riley

| | |
|---|---|
| **From:** | Dennis Riley |
| **Sent:** | Wednesday, March 25, 2009 6:02 PM |
| **To:** | 'kinesis007@yahoo.com' |
| **Cc:** | Dennis Riley |
| **Subject:** | Ex Parte Notice |

Ms. Withers –

This will confirm the voice message I just left on your cell phone.

We will be going to court on Friday morning March 27, 2009 on your two cases to seek the following ex parte relief:

(1) Order Shortening time within which to hear a motion to be relieved as counsel of record;
(2) Order staying the action to provide you time within which to obtain counsel;
(3) Order extending the time within which you are required to serve the complaints on the defendants; and
(4) Order granting other appropriate relief.

The hearings will take place at 8:30 a.m. a the Los Angeles Superior Court located at 111 North Hill Street, Los Angeles, CA.

For the case of Withers v. McKinniss, Case No. BC408604, the matter will be heard in Department 64.

For the case of Withers v. Philidelphia Ins., Case No. BC408287, the matter will be heard in Department 34.

Please let me know if you have any questions or if you plan to attend.
Dennis P. Riley, Esq.
MESISCA RILEY & KREITENBERG LLP
725 South Figueroa Street, Suite 1650
Los Angeles, California 90017
Tel. (213) 623-2300
Fax. (213) 623-6600
dpriley@mrklawyers.com

The information contained in this e-mail communication is privileged and confidential. This e-mail is intended only for the use of the individual to whom it is addressed. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us immediately and return the e-mail to us at such e-mail address. You should destroy any hard copies of this e-mail and delete it from your e-mail system.

Ex 2

3/25/2009

## Dennis Riley

| | |
|---|---|
| **From:** | Dennis Riley |
| **Sent:** | Thursday, March 26, 2009 3:49 PM |
| **To:** | kinesis007@yahoo.com |
| **Cc:** | Dennis Riley |
| **Subject:** | Ex Parte Application |
| **Attachments:** | Ex parte App. to Be Relieved as Counsel (McKinniss).pdf; Ex parte App. to Be Relieved as Counsel (Philly.) dpr.pdf |

Ms. Withers –
Please find attached copies of the ex parte applications in the following cases:

Withers v. McKinniss, Case No. BC408604, the matter will be heard in Department 64.

Withers v. Philidelphia Ins., Case No. BC408287, the matter will be heard in Department 34.

Please let me know if you have any questions.
Dennis P. Riley, Esq.
MESISCA RILEY & KREITENBERG LLP
725 South Figueroa Street, Suite 1650
Los Angeles, California 90017
Tel. (213) 623-2300
Fax. (213) 623-6600
dpriley@mrklawyers.com

The information contained in this e-mail communication is privileged and confidential. This e-mail is intended only for the use of the individual to whom it is addressed. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us immediately and return the e-mail to us at such e-mail address. You should destroy any hard copies of this e-mail and delete it from your e-mail system.

Ex3

EXHIBIT P

1   PATRICK A. MESISCA, JR. (SBN #057795)
    MESISCA, RILEY & KREITENBERG LLP
2   725 S. Figueroa St., Suite 1650
    Los Angeles, CA 90017
3   Tel. (213) 623-2300
    Fax (213) 623-6600
4
    Attorney for Plaintiff, JENNIFER WITHERS
5

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 27 2009

JOHN A. CLARKE, CLERK

BY GLORIETTA ROBINSON, DEPUTY

6           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7                   FOR THE COUNTY OF LOS ANGELES

8

9   JENNIFER WITHERS, an individual,          Case No.: BC408287
                                              [Assigned to the Hon. Amy D. Hogue,
10          Plaintiff,                        Department 34]

11          vs.                               **NOTICE OF RULING ON MESISCA
                                              RILEY & KREITENBERG LLP'S
12  PHILADELPHIA INDEMNITY INSURANCE          MOTION TO BE RELIEVED AS
    COMPANY, a Pennsylvania Corporation; CPH  COUNEL AND TO EXTEND TIME**
13  & ASSOCIATES, INC. an Illinois Corporation;
    CPH & ASSOCIATES, INSURANCE
14  AGENCY, INC.; CPH & ASSOCIATES, LLC;      Date: March 27, 2009
    and Does 1 through 25, inclusive,         Time: 8:30 a.m.
15                                            Dept: 34
            Defendants.
16

17

18      **TO: PLAINTIFF, JENNIFER WITHERS:**

19      **PLEASE TAKE NOTICE** that on March 27, 2009, at 8:30 a.m. in Dept. 34 of the Los

20  Angeles County Superior Court, Central District, located at 111 N. Hill Street, Los Angeles, CA

21  90012, Plaintiff's counsel, Mesisca Riley & Kreitenberg LLP's ex parte and Motion to be

22  relieved as counsel of record for plaintiff came on for hearing. Appearing for Mesisca Riley &

23  Kreitenberg LLP was attorney Patrick A. Mesisca Jr. Plaintiff Jennifer Withers also appeared on

    her own behalf.

24      With the stipulation of plaintiff, the Court granted the motion to withdraw effective

25  immediately and ordered that the matter be scheduled for an Order to Show Cause re Dismissal

                                      - 1 -

            NOTICE OF RULING ON MOTION TO WITHDRAW AS COUNSEL

to provide Plaintiff time to hire new counsel.  The Order to Show Cause re Dismissal is
scheduled as follows:

**OSC RE DISMISSAL**

**DATE:  May 27, 2009**

**TIME:  8:30 A.M.**

**DEPT: 34**

Dated: March 27, 2009

MESISCA, RILEY & KREITENBERG, LLP

By:

_____
PATRICK A. MESISCA, JR.
Attorneys for Plaintiff



- 2 -

NOTICE OF RULING ON MOTION TO WITHDRAW AS COUNSEL

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Shiree Magee , am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 725 S. Figueroa, Suite 1650, Los Angeles, CA 90017.

On March 27, 2009, I served: **NOTICE OF RULING ON MOTION TO WITHDRAW** in the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

**(See Attached Service List)**

X   BY MAIL & E-MAIL ('kinesis007@yahoo.com')

_____   I placed such envelope for deposit in the U. S. Mail for service by the United States Postal Service, with postage thereupon fully prepaid.

_X_   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I also personally e-mailed a pdf of the notice to the Plaintiff's e-mail address.

___ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

___ (BY FACSIMILE) I faxed said document pursuant to Rule of Court rule 2008, from my facsimile telephone number 213-623-6600. The document was transmitted by facsimile transmission and the transmission was reported as complete without error. The transmission report was properly issued by the transmitting facsimile machine. A copy of the transmission report is attached to this proof of service.

_X_ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___ (Federal) I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2009, at Los Angeles, California.

DECLARANT

- 3 -

**NOTICE OF RULING ON MOTION TO WITHDRAW AS COUNSEL**

**SERVICE LIST**

JENNIFER WITHERS

21 TYNE STREET

ISLAND BAY, WELLINGTON NEW ZEALAND



- 4 -

NOTICE OF RULING ON MOTION TO WITHDRAW AS COUNSEL

EXHIBIT Q

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/27/09 | | DEPT. 34 |
| HONORABLE Amy D. Hogue    JUDGE | K MASON | DEPUTY CLERK |
| HONORABLE #12    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R MANZO, CA    Deputy Sheriff | C GRAVES | Reporter |

| 8:30 am | BC408287<br><br>JENNIFER WITHERS<br><br>         VS<br><br>PHILADELPHIA INDEMNITY INSURANC<br> COMPANY ET AL | Plaintiff<br>Counsel<br><br><br>Defendant<br>Counsel | PATRICK MESISCA JR (x)<br>JENNIFER WITHERS (x),<br>   Plaintiff<br><br>NOT PRESENT |

NATURE OF PROCEEDINGS:

Exparte Hearing
APPLICATION OF PLAINTIFF TO: (1) STAY PROCEEDINGS PER
CCP 285.3, (2) EXTEND TIME TO FILE PROOFS OF SERVICE
AND SUMMONS AND COMPLAINT, (3) SHORTEN TIME FOR MOTION
TO BE RELIEVED AS COUNSEL;


Matter called for hearing. Parties heard and matter
submitted.

Court orders as follows:

Time for motion to be relieved is shortened to this
day, and granted. Counsel is relieved, and shall file
written order.

On Court's own motion, Order to Show Cause Re
Dismissal for Lack of Prosecution or Failure to
Hire Counsel set: MAY 27, 2009 at 8:30AM in this
department.

(Notice deemed moot.)

MINUTES ENTERED
03/27/09
COUNTY CLERK

EXHIBIT R

MC–053

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Patrick A. Mesisca, Jr.   (State Bar # 057795)
Mesisca, Riley & Kreitenberg, LLP
725 South Figueroa Street, Suite 1650
Los Angeles, CA 90017

TELEPHONE NO: (213) 623-2300   FAX NO. *(Optional)*: (213) 623-6600
E-MAIL ADDRESS *(Optional)*: mesisca@mrklawyers.com
ATTORNEY FOR *(Name)*: Jennifer Withers, Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT
APR 14 2009
JOHN A. CLARKE, CLERK
BY Karen Tessier, DEPUTY

APR 06 2009
FILING WINDOW

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012-3014
BRANCH NAME: Central District Branch

| CASE NAME: Jennifer Withers vs. Philadelphia Indemnity Ins. etc. et al. | CASE NUMBER: BC408287 |
|---|---|

| ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL | HEARING DATE: March 27, 2009 |
|---|---|
| | DEPT: 34   TIME: 8:30 a.m. |
| | BEFORE HON: Amy D. Hogue |
| | DATE ACTION FILED: February 23, 2009 |
| | TRIAL DATE: None |

The motion of *(name of attorney)*: Mesisca Riley & Kreitenberg LLP / Patrick A. Mesisca, Jr.
to be relieved as counsel of record for *(name of client)*: Jennifer Withers, Plaintiff
a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:
   Patrick A. Mesisca, Jr.
   Jennifer Withers

### FINDINGS

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☒ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brought a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

### ORDER

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☒ effective on *(specify date)*: 3/27/2009

6. The client's ☒ current ☐ last known   address and telephone number:

   12021 Wilshire Blvd., #193, Los Angeles, CA 90025  011-64-4-475-3217

   If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011 (b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time, and place)*:
      May 27, 2009 8:30 a.m. Dept. 34
   b. The hearing will concern *(subject matter)*: OSC re Dismissal

---

**NOTICE TO CLIENT**
You or your new attorney, if any, must prepare for and attend this hearing.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California MC-053 [Rev. January 1, 2007] | ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL—CIVIL | Code of Civil Procedure, § 284. Cal. Rules of Court, rule 3.1362 www.courtinfo.ca.gov |
|---|---|---|



MC-053

EXHIBIT S

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/27/09

DEPT. 34

HONORABLE AMY D. HOGUE                 JUDGE    K. TAPPER          DEPUTY CLERK

HONORABLE                           JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
#8

R. MANZO/C.A.        Deputy Sheriff    C. GRAVES, CSR #10592      Reporter

| 8:30 am | BC408287 | | |
|---|---|---|---|
| | JENNIFER WITHERS<br>VS<br>PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY ET AL<br><br>170.6 SHOOK (PLF) | Plaintiff<br>Counsel<br><br>Defendant<br>Counsel | KIM BLANCHARD (X)<br><br>(NO APPR BY/FOR DEFTS) |

NATURE OF PROCEEDINGS:

O.S.C. RE DELAY/FAILURE TO OBTAIN COUNSEL


MATTER CALLED.  ATTORNEY KIM BLANCHARD APPEARS AND
INDICATES HE IS SUBSTITUTING INTO CASE.
O.S.C. DISCHARGED.

CASE MANAGEMENT CONFERENCE IS ADVANCED FROM 6-2-09
AND CONTINUED TO 8:30 A.M. ON 7-29-09 IN D34.
DISCOVERY TO BE COMPLETED.

PLAINTIFF TO GIVE NOTICE.

Page   1 of  1    DEPT. 34

MINUTES ENTERED
05/27/09
COUNTY CLERK

EXHIBIT T

05/22/2009  15:52    310284155                    LA DORE                                        PAGE  01/04

1230 Rosecrans Avenue, Suite 170
Manhattan Beach, California 90266
TELEPHONE NO: (310)297-9090    FAX NO. (Optional): (310)297-9190
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME: Jennifer Withers vs. Philadelphia Indemnity Insurance
Company

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 27 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
GLORIETTA ROBINSON

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: BC408 287    34 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Jennifer Withers        makes the following substitution:

1. Former legal representative    ☒ Party represented self    ☐ Attorney (name):
2. New legal representative    ☐ Party is representing self    ☒ Attorney
   a. Name: Keith F. Simpson    b. State Bar No. (if applicable): 196014
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      Law Offices of Keith F. Simpson, A Professional Corporation
      1230 Rosecrans Avenue, Suite 170, Manhattan Beach, California 90266
   d. Telephone No. (include area code): (310) 297-9090
3. The party making this substitution is a    ☒ plaintiff    ☐ defendant    ☐ petitioner    ☐ respondent    ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

• Guardian            • Personal Representative            • Guardian ad litem
• Conservator      • Probate fiduciary                      • Unincorporated
• Trustee               • Corporation                                association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney, SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take
timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 5/21/09
   Jennifer Withers
   _____
   (TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 5/21/09
   Jennifer Withers
   _____
   (TYPE OR PRINT NAME)                                        (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 5-26-09
   Keith F. Simpson
   _____
   (TYPE OR PRINT NAME)                                        (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                                        Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2007]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

MC–050

CASE NAME:
Jennifer Withers vs. Philadelphia Indemnity Insurance Company

CASE NUMBER:
BC408 287

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: 5/26/09        (2) Place of mailing *(city and state):* Manhattan Beach, California

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/26/09

Francis Ferrufino
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served: Philadelphia Indemnity Insurance Company
    b. Address *(number, street, city, and ZIP):*
       350 North Street Paul Street
       Dallas, Texas 75201

    c. Name of person served: CPH & Associates
    d. Address *(number, street, city, and ZIP):*
       711 S. Dearborn, Suite 205
       Chicago, Illinois 60605

    e. Name of person served: CPH & Associates Insurance Agency Inc.
    f. Address *(number, street, city, and ZIP):*
       711 S. Dearborn, Suite 205
       Chicago, Illinios 60605

    g. Name of person served: CHP & Associates LLC
    h. Address *(number, street, city, and ZIP):*
       711 S. Dearborn, Suite 205
       Chicago, Illinios 60605

    i. Name of person served:
    j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT U

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Keith F. Simpson, Esq.   (SBN 196014)<br>Law Offices of Keith F. Simpson, A Professional Corporation<br>1230 Rosecrans Avenue, Suite 170<br>Manhattan Beach, California 90266<br>TELEPHONE NO: 310-297-9090   FAX NO. *(Optional)* 310-297-9190<br>E-MAIL ADDRESS *(Optional)*: keith@simpsonlaw.net<br>ATTORNEY FOR *(Name)* Plaintiff JENNIFER WITHERS | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 2 0 2009<br><br>JOHN A. CLARKE, CLERK<br>BY ROSE SANCHEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:   "    "    "    "
CITY AND ZIP CODE: Los Angeles  90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: JENNIFER WITHERS

DEFENDANT/RESPONDENT: PHILADELPHIA INDEMNITY INS. COMP.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC 408 287 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: July 29, 2009       Time: 8:30 a.m.       Dept.: 34       Div.:       Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name)*:  Plaintiff JENNIFER WITHERS
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 02/23/09
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not)*:
         Process has commenced, is ongoing and pending for all 4 defendants at time of filing.
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:
      Professional insurance coverage dispute: (1) breach of contract, (2) Breach of Covenant of Good Faith
      and Fair Dealing, (3) Fraud & Deceit, (4) Fraud & Deceit, (5) Intentional Infliction Emotional Distress

CM-110

| PLAINTIFF/PETITIONER: JENNIFER WITHERS | CASE NUMBER. |
|---|---|
| DEFENDANT/RESPONDENT: PHILADELPHIA INDEMNITY INS. COMP. | BC 408 287 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff, Jennifer Withers, had professional errors and omissions coverage with defendants while an intern with a California pychotherapist.  An administrative hearing process was commenced concerning her licensure with the State and the policy provided, up to a certain limit, coverage for defense costs and attorney's fees.   Defendants failed to reimburse her fully for attorney's fees incurred as the administrative hearing proceeded.   Defendants failed to reimburse approximately $15,000 - $20,000 which  she had to borrow.  Defendant's refusal limited her ability to fund a consistent, knowledgeable and full defense and caused great emotional distress and detriment to her professional aspirations.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.      *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):*  10-12
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a    Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: JENNIFER WITHERS | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: PHILADELPHIA INDEMNITY INS. COMP. | BC 408 287 |

10. d. The party or parties are willing to participate in *(check all that apply):*
    (1) ☑ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
Status:

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: JENNIFER WITHERS | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: PHILADELPHIA INDEMNITY INS. COMP. | BC 408 287 |

17. Discovery
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. Economic litigation
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. Other issues
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. Meet and confer
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

        No defendant has appeared as of date of filing.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 20, 2009

Keith F. Simpson, Esq.   (SBN 196014)
_____
(TYPE OR PRINT NAME)                 ▷ _____
                                              (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▷ _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY)
                                                   ☐ Additional signatures are attached.

EXHIBIT V

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/29/09 | | DEPT. 34 |
| HONORABLE AMY D. HOGUE — JUDGE | K. TAPPER | DEPUTY CLERK |
| HONORABLE — JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #2 | | |
| NONE — Deputy Sheriff | C. GARROD | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC408287 | Plaintiff Counsel   KIM BLANCHARD (X) |
| | JENNIFER WITHERS VS PHILADELPHIA INDEMNITY INSURANC COMPANY ET AL | Defendant Counsel |
| | 170.6 SHOOK (PLF) | |

NATURE OF PROCEEDINGS:

CASE MGMT CONF


HELD/CONTINUED TO 8:30 A.M. ON 8-27-09 IN D34.

PLAINTIFF'S COUNSEL INDICATES SERVICE HAS BEEN
EFFECTED AND ANSWER-TIME STILL RUNNING AS TO TWO
DEFENDANTS, WHILE EFFORTS STILL UNDERWAY TO LOCATE
FINAL TWO DEFENDANTS FOR SERVICE.

PLAINTIFF TO GIVE NOTICE.

Page   1 of  1    DEPT. 34

MINUTES ENTERED
07/29/09
COUNTY CLERK

EXHIBIT W

1   KEITH F. SIMPSON, ESQ.   (SBN 196014)
    LAW OFFICES OF KEITH F. SIMPSON
2   A PROFESSIONAL CORPORATION
    1230 Rosecrans Avenue, Suite 170
3   Manhattan Beach, California 90266
    Telephone: (310) 297-9090
4

5   Attorneys for Plaintiff
    JENNIFER WITHERS, an individual
6

7

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 3 0 2009

JOHN A. CLARKE, CLERK

BY AMBER LA FLEUR-CLAYTON, DEPUTY

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         IN AND FOR THE COUNTY OF LOS ANGELES

10   JENNIFER WITHERS,               CASE NO. BC408287

11                               *Assigned for all purposes to the Honorable*
              Plaintiff,             *Amy D. Hogue, Judge Presiding, Dept. 34*
12

13           vs.                   **NOTICE OF CONTINUED CASE**
                              **MANAGEMENT CONFERENCE**
14

15

16   PHILADELPHIA INDEMNITY INSURANCE
    COMPANY, a Pennsylvania Corporation;
17   CPH & ASSOCIATES, INC. an Illinois
    Corporation;  CPH  & ASSOCIATES,
18   INSURANCE AGENCY, INC.; CPH &       Date:   August 27, 2009
    ASSOCIATES, LLC; and Does 1 through 25,   Time:   8:30 a.m.
19   inclusive,                             Dept.:   34

20

21           Defendants.

22

23       TO ALL DEFENDANTS AND TO THEIR RESPECTIVE ATTORNEYS OF

24   RECORD:

25           PLEASE TAKE NOTICE that the Case Management Conference in the above-

26   captioned matter has been continued to August 27, 2009, at the hour of 8:30 a.m., in

27   Department 34 of the above-entitled court, located at 111 North Hill Street, Los Angeles,

28   California 90012.

---

NOTICE OF CONTINUED CASE MANAGEMENT         -1-
CONFERENCE

## PROOF OF SERVICE BY UNITED STATES MAIL

I am a citizen of the United States and a resident of the State of California. I am over the age of 18 and not a party to the within action. My business address is 1230 Rosecrans Avenue, Suite 170, Manhattan Beach, California 90266.

I am familiar with the business practices of the Law Offices of Keith F. Simpson, A Professional Corporation, for collection and processing of mail with the United States Postal Service, whereby official mail is attached with the appropriate postage and placed in a designated area. Mail so collected and processed is deposited with the United States Postal Service that same day and in the ordinary course of business. On the below date, I served a true and correct copy of the foregoing

## NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE

Philadelphia Indemnity Insurance Company
c/o Mr. Charles Pedone
2901 Douglas Boulevard, Suite 150
Roseville, California  95661


CPH & Associates, Insurance Agency, Inc.
c/o Susana M. Mahady, Esq.
Schonfeld, Bertsche, Preciado & Mahady, LLP
1320 Columbia Street, #310
San Diego, California  92101


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 29, 2009, at Manhattan Beach, California.

Kim D. Blanchard

---



DATED: July 29, 2009

LAW OFFICES OF KEITH F. SIMPSON
A PROFESSIONAL CORPORATION

By: Keith F. Simpson, Esq.
Attorneys for Plaintiff
JENNIFER WITHERS, an individual

NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE -2-

1

## PROOF OF SERVICE

2

JENNIFER WITHERS v. PHILADELPHIA INDEMNITY INSURANCE CO., et al
3            United States District Court – Central District of California
                                  Case No.
4

5

    I declare that:
6

7       I am employed in the county of Los Angeles, California, over the age of eighteen
    years, and not a party to the within cause.  My business address is 523 West Sixth Street,
8   Suite 635, Los Angeles, California, 90014.

9
        On August 19, 2009, I served the within:
10
                        NOTICE OF REMOVAL OF ACTION
11              UNDER 28 U.S.C.§ 1441 (b) (DIVERSITY)

12
    BY MAIL on parties in said cause, by placing a true and correct copy thereof enclosed in
13  a sealed envelope with postage thereon fully prepaid, in the United States mail at Los
    Angeles, California, addressed as follows:
14

15
    Keith F. Simpson, Esq.                 Susana Mahady, Esq.
16  Law Offices of Keith F. Simpson, APC    Schonfeld, Bertsche, Preciado & Mahady
    1230 Rosecrans Avenue, Suite 170        1320 Columbia Street, Suite 310
17  Manhattan Beach, California  90266      San Diego, California  92101
    *Attorneys for Plaintiff Jennifer Withers*   *Attorneys for CPH & Associates*
18

19
        I declare under penalty of perjury under the laws of the State of California and the
20  United States of America that the above is true and correct.

21
    Executed on August  19 , 2009.
22

23

24                                                    Hayden Sakow

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 6071 CAS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Jennifer Withers, an individual | Philadelphia Indemnity Insurance Company; CPH & Associates, Insurance Agency, Inc.; CPH & Associates, Inc.; CPH & Associates, LLC, and Does 1 through 25, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Keith Simpson, Law Offices of Keith F. Simpson, 1230 Rosecrans Avenue, Suite 170, Manhattan Beach, California 90266, (310) 297-9090 | See attached sheet |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 5,000,000 (paragraph no. 49)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332; 28 U.S.C. 1441(b); Plaintiff alleges breach of contract, bad faith, fraud and deceit, and intentional infliction of emotional distress against defendants

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☑ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV09-06071

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New Zealand |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Philadelphia Indemnity Ins. Co.: Pennsylvania<br>CPH & Associates, Inc.; CPH & Associates, Insurance Agency, Inc.; CPH & Associates, LLC.: Illinois  (all the same entity, all Illinois) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 19, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ADDENDUM TO CIVIL COVER SHEET

I. (b) Attorneys for Defendants:

**Philadelphia Indemnity Insurance Company**
James C. Nielsen
Jennifer S. Cohn
Nielsen, Haley & Abbott LLP
44 Montgomery Street, Suite 750
San Francisco, California 94104
(415) 693-0900

J. Scott Miller
Nielsen, Haley & Abbott LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
(213) 239-9009

**CPH & Associates, Insurance Agency, Inc.; CPH & Associates, Inc.; CPH & Associates, LLC**
Susana Mahady
Schonfeld, Bertsche, Preciado & Mahady, LLP
1320 Columbia Street, Suite 310
San Diego, CA  92101-3416
(619) 544-8300

**PROOF OF SERVICE**

**JENNIFER WITHERS v. PHILADELPHIA INDEMNITY INSURANCE CO., et al**
**United States District Court – Central District of California**
**Case No.**

I declare that:

I am employed in the county of Los Angeles, California, over the age of eighteen years, and not a party to the within cause. My business address is 523 West Sixth Street, Suite 635, Los Angeles, California, 90014.

On August 19, 2009, I served the within:

**CIVIL COVER SHEET**

**BY MAIL** on parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as follows:

Keith F. Simpson, Esq.
Law Offices of Keith F. Simpson, APC
1230 Rosecrans Avenue, Suite 170
Manhattan Beach, California 90266
*Attorneys for Plaintiff Jennifer Withers*

Susana Mahady, Esq.
Schonfeld, Bertsche, Preciado & Mahady
1320 Columbia Street, Suite 310
San Diego, California 92101
*Attorneys for CPH & Associates*

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on August 19, 2009.

_____
Hayden Sakow